Lipscomb, J.
This is an appeal from the district court for the county of Jefferson.
The suit was brought by the appellee against the appellant, on a promissory note for the sum of three hundred and thirty-one dollars. The defendant in the court below pleaded in setoff against the plaintiff a note in the following words: “ On or before the first day of De *(10) cember next, we, or either of us, promise to pay John D. Swain or bearer, the sum of four hundred dollars in lawful funds of the United States or its equivalent, for value received, the same being secured by mortgage on one section of land situated on the east bank of the Meches river, witness our hands this 18th day of January, 1840.
(Signed.) William S. Wilson.
William Slade.”
The defendant alleged that he was the owner of the note so offered by him in setoff for a valuable consideration, and that it had been transferred to*him by delivery before the commencement of the suit. The presiding judge on the trial rejected the note, and would not allow it to be given in evidence as a setoff; from which decision the defendant appealed. The cause has not been argued, but subyiitted on the brief of the appellee’s counsel only. It is to be regretted that a question of so much importance in relation to the practice had not been fully argued. The appellee objects to the setoff because it is said to be for an uncertain sum. The note calls for four hundred dollars, lawful funds of the United States. What is the plain meaning of “lawful funds?” Gold and silver is the only lawful tender in the United States. It must therefore mean payment in gold or silver. By equivalent, the parties must have meant such paper currency as passed at par with gold and silver. This alternative of an equivalent would perhaps restrain the negotiability, and destroy the mercantile character of the paper, so that it could not pass by delivery, and the holder might not maintain a suit in his own name on it at common law. This test would perhaps be decisive of the right to plead it as an offset, if we were to apply to it the rules of the common law courts; but we believe that under our very peculiarly blended system of law and equity, if the appellant’s right to the note and interest in it are found to be such as would be protected and enforced by the rules of equity, he ought to have the benefit of those rules.
By an act of the congress of Texas, of the 5th February, 1840, to regulate judicial proceedings, section 12, it is enacted “ that in every civil suit in which sufficient matter of substance may appear upon the petition to enable the court to proceed upon the merits of the cause, the suit shall not abate for want of form. The court shall, in the first instance, endeavor to try each cause by the rules and principles of law; should the cause more properly belong to equity jurisdiction, the court shall without delay proceed to try the same according to the principles of equity.” Under the provisions of this law, it seems to us, that when the note offered in setoff by the defendant was presented by the plea, the court below should have inquired first, if it was well pleaded at *(11) law? if it was not, the next inquiry should have.been, could it be supported on the principles of equity jurisprudence? We have before intimated that by thi strict rules of the common law, the defense was bad. Can it then be sustained as an equitable setoff, the defendant in the court below having averred that he was the owner of the note for a valuable consideration, before the commencement of the suit?
Judge Story, in his commentaries on equity jurisprudence says, that “ an assignment of a debt may be by parol as well as by deed, and as the assignee is generally entitled to all the remedies of the assignor^ so he is generally subjected to all the equities between the assignor and his debtor.” Story Com. 344.
Again, in speaking of courts of law protecting to some extent such parol assignments of choses in action, he remarks “ that there is this difference between the courts. In the courts of law, the suit must be brought in the name of the assignor, although the right of the assignee will be to some extent recognized. On the other hand in equity the assignee may sue on such assignment in his own name, and enforce payment of the debt directly.” Id. 317,318. This, we have no doubt, is the well settled doctrine on assignments of this description in the courts of equity, and it would be superfluous to enlarge upon other authorities. The conclusion is that the offset ought to have been received in the court below. We are aware that it may appear awkward and novel to those who have been accustomed to look upon the two jurisdictions as rivals, to have them brought in such close and harmonious connection; but if it be a furtherance of justice to simplify the remedy, and render it shorter and less expensive to the parties, the beneficial results of the law will be acknowledged. 2STor is this combination an anomaly. In the jurisprudence of the state of Pennsylvania, the principles of equity have always been administered under the rules of the courts of law. The judgment of the district court for the county of Jefferson is reversed, and the cause remanded for further proceedings in accordance with this decision.