No. 7577.

KING *v.* SUMMITT ET AL.

GUARANTY.—A verbal guaranty that a note is genuine and its maker liable to pay it, made by the assignor to the assignee at the time of its assignment and delivery, based upon a sufficient consideration, is a binding and valid obligation.

SAME.—*Statute of Frauds.*—A guaranty, that a third person is liable upon a note executed by him, is not a promise to answer for the debt of another, but an assurance of the existence of certain things.

SAME.—If a guaranty contains a promise to pay the debt of A., the averment that A. was a minor when he contracted said debt will take the case out of the statute of frauds.

From the Monroe Circuit Court.

*E. K. Miller*, for appellant.

*J. W. Buskirk* and *H. C. Duncan*, for appellees.

BEST, C.—This suit was brought by the appellant against the appellees. His complaint consisted of two paragraphs. In the first he alleged that one James Hayden, on the 16th day of July, 1875, made his note to the appellees for $125, and that they endorsed it to him ; that at the time said Hayden made said note he was a minor, and was not liable to pay it ; that the appellant, in ignorance of that fact, brought suit upon said note against said Hayden, and by reason thereof said suit was unavailing.

In the amended second he alleged that on the 16th day of July, 1875, one James Hayden made his note to the appellees for $125, and they, in consideration of one hundred dollars to them paid by the appellant, sold and delivered to him said note, and "warranted and guaranteed to him that said note was valid and genuine, and that said James Hayden, the maker thereof, was legally liable to pay it;" that, at the time said note was made, said James Hayden was less than twenty-one years of age, and was in no wise liable to pay it; that the appellant, in ignorance of such fact, brought suit upon said note against said Hayden, before a justice of the peace, in the township where he resided, and by reason of such fact such suit was unavailing.

The appellee Christian A. Summitt filed a general plea of *non est factum* to the first, and a demurrer for want of sufficient facts to the second, paragraph of the complaint.

The court sustained the demurrer, and the appellant excepted. The appellant thereupon filed a demurrer to the answer of Summitt, which was overruled. No answer was filed by Gillespie, nor any step taken against him. The cause was submitted to the court for trial, and a general finding was made for appellees. The appellant moved for a new trial, because the decision was contrary to the law, and was not sustained by sufficient evidence. This motion was overruled, and appellant excepted. Final judgment was rendered for the appellees.

In this court the appellant has assigned the following as error:

1st. The court erred in overruling appellant's demurrer to the answer of appellees to the first paragraph of appellant's complaint;

2d. The court erred in sustaining appellees' demurrer to the second amended paragraph of appellant's complaint;

3d. The court erred in overruling appellant's motion for a new trial.

The failure of the appellant to reserve an exception to the action of the court in overruling his demurrer to the answer of appellees is a sufficient answer to the first assignment of error.

The second assignment presents the question whether or not a verbal guaranty that a note is a genuine and valid one, and its maker liable to pay it, made by the assignor to the assignee at the time of its assignment and delivery, based upon a sufficient consideration, is a valid and binding obligation? The appellees insist that it is not, for the reason that it is in contravention of the 1st section of the statute of frauds. 1 R. S. 1876, p. 503. That statute provides "That no action shall be brought * * * To charge any person, upon any special promise, to answer for the debt, default, or miscarriage of another."

It will be observed that this guaranty is not in terms a special promise to answer for the debt, default or miscarriage of another, nor can it be construed, as we believe, to embrace such an undertaking. It does not purport to be a promise to pay the debt for which the note was given, nor a promise that Hayden himself should pay it, but is simply a guaranty that the note is genuine, and that Hayden is bound by it; in other words, that Hayden had capacity to make it. It differs entirely from a promise to pay the debt. In such case, if the promise is valid, nothing short of payment amounts to a compliance; whereas, in this case, if the note is genuine, and Hayden had capacity to make it, the obligation is fulfilled without any payment at all; indeed, it is not broken.

The promise to answer for the debt of another is an undertaking to do something in the future; whereas a guaranty that a third person is liable upon a note signed by him is no promise at all, but is rather an assurance that a certain condition of things exists. A breach of such undertaking does not depend upon the failure of the guarantor to do

something in the future, but, if the condition does not exist, the undertaking is broken as soon as made, and a cause of action at once accrues, whether the note has or has not matured.

Again, there must be a debt as well as a promise; and, if in this case there was no debt, the undertaking is not within the statute. It is averred that Hayden was a minor when he executed the note, and that he was not liable upon it. The demurrer admits this. If so, was there any debt?

It is said in Browne on Statute of Frauds, sec. 156, that "the liability of the party for whom a guarantor within the statute makes himself answerable, must be a clear and ascertained legal liability, capable of being enforced against the party himself." Thus, if the party be a minor or a married woman, or under any other legal disability as to forming binding contracts, it is manifest that a promise, by a third person, to answer for him or her, in a matter within the range of that disability, can not be affected by the statute of frauds.

If the guaranty in this case contained a promise to pay the debt of Hayden, the averment that he was a minor when he executed the note took the case out of the statute. No other objection is urged, and we discover none. We think the court erred in sustaining the appellees' demurrer to this paragraph of the complaint.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and is hereby, in all things, reversed, at costs of appellees, with instructions to overrule the demurrer to the second paragraph of the complaint.