SMITH V. COREGE.

Decided May 24, 1890.

1. *Assignment of note transferable by delivery—Implied warranty.*

   The assignor of a note transferable by delivery impliedly warrants that he assigns a good title, that the paper is genuine, and that there is no legal defense to its collection growing out of his connection with its origin.

2. *Breach of warranty—Estoppel.*

   Where the assignor of a note warrants its collection and directs the assignee to sue the maker, he will be estopped by the judgment rendered against the assignee, and will be liable to refund the consideration for the assignment and the costs of the suit against the maker.

APPEAL from *Garland* Circuit Court.

J. B. WOOD, Judge.

Louise Corege sued Smith on an account for $150.00, money had and received, and $10.00, the costs of a suit wherein she was plaintiff and W. H. Hite, defendant.

The facts were as follows: Smith negotiated a loan of $140.00 from Dr. A. U. Williams to W. H. Hite, evidenced by a note for that amount, bearing ten per cent interest, secured by a mortgage on realty. Before the note was delivered to Williams, Smith endorsed it. When the note fell due, Hite failed to pay it. Smith went to Mrs. Corege, and told her that he had a good chance to lend $150.00 on real estate. She gave him the money. He delivered her the Hite mortgage and note, with his endorsement erased and endorsed by Dr. Williams without recourse. He represented to her orally that the note was good and negotiable, and that nothing could be set up against it. Subsequently Hite told her the note was usurious. She asked defendant about it. He directed her to bring suit to collect it. The note was not paid, and she brought suit accordingly. Hite pleaded that the note was usurious, and that it had been altered and satisfied. The

case was decided against her, the note being held usurious. She paid $10.00 costs in the suit.

The testimony in this case clearly established the fact that there was no usury in the transaction between Hite and Dr. Williams, but that Hite used the money which he obtained from Williams to pay some usurious notes due to Smith. The court refused to charge the jury at defendant's request as follows:  "If you believe from the evidence in this case that W. H. Hite, either in person or through the defendant, borrowed of A. U. Williams one hundred and forty dollars, and gave his promissory note for the same with ten per cent interest per annum, and to secure the payment of it gave a deed of trust on land worth more than said sum with interest, and that, upon Williams expressing himself as dissatisfied with it, defendant told him that he would guarantee the payment of it on the day of its maturity, and to satisfy said Williams in that behalf wrote his name on the back of said note, that Williams thereupon accepted said note and mortgage and paid the $140.00 to said Hite, or to said Smith in the presence of and for said Hite and with his assent, either express or implied, then you must find that said note and deed of trust are free from usury; and, in such case, if defendant, on or before maturity of said note and on Hite's failure to pay it, took it up, it was not thereby satisfied as to Hite, but remained a valid and subsisting demand against him."

The court instructed the jury as follows:

"If you find from the evidence that the defendant was a money broker, and that W. H. Hite owed him money which he (Hite) had borrowed at various times from the defendant upon an agreement for usurious interest, and, in order to enable the said Hite to pay off such indebtedness, the defendant, as such broker, negotiated a loan between A. U. Williams and said Hite, and that said Williams paid the money for said note to the defendant for said Hite, and the defendant applied it in paying off said usurious indebtedness of said

Hite, and that the said usurious indebtedness in that way entered into, and became a part of, the note so given to said Williams, and, if you further find that said note was afterwards sold to the plaintiff, and that she was unable to collect the same on account of usury, you will find for the plaintiff for the amount she paid for said note with interest at six per cent per annum from the time she paid the same, together with the costs she had to pay in trying to collect said note.''

The jury found in favor of the plaintiff, and defendant appealed.

*G. W. Murphy* and *Chas. D. Greaves* for appellant.

1. Delivery of a note without endorsement does not warrant the solvency of prior parties. If transferred by way of exchange, without endorsement, the transferrer will not be liable in case of its non-payment. A transfer of a bill, without endorsement, for the market value of a bill is *prima facie* a sale, and the transferrer is not even liable to refund the consideration if the paper proves to be valueless. Randolph on Com. Paper, vol. 2, p. 392; Byles on Bills, 161, 162; 1 Dan. on Neg. Inst., 681.

2. Appellant was not bound by the decision in the former case between appellee and Hite, not being a party.

3. Smith was a mere guarantor on the note to Williams, and had the right, when the note was paid, to erase his name. 2 Denio, 205; 5 Mart. (N. S.), 659; 8 Kan., 25; 40 Ark., 547; Randolph on Com. Paper, vol. 2, ch. 25; 31 Barb., 92; 3 C. & P., 300; 51 Ill., 140; 72 Ind., 354; 19 Iowa, 112; 20 La. An., 377; 16 Ill., 454; 34 Miss., 409; Paine, C. C., 156; 1 Edwards, Bills, etc., sec. 394.

*Dan W. Jones* for appellee.

1. Appellant was a *joint maker* and not a *guarantor* of the note. 40 Ark., 547; 34 Ark., 524; 24 Ark., 511; 95 U. S., 90.

2.   Being a joint obligor or co-maker of the note, payment by him extinguished it, so that no action could be maintained on it.   14 Nev., 191; 6 Tex., 91; 10 N. H., 186; 32 N. H., 429;   1 Lit. (Ky.), 291;   10 Cush., 169;   7 Cush., 253;   1 How. (Miss.),   310;   23 Cal., 63;   17 Mass., 580. Hence the note and mortgage were *functus officio*, and of no value when appellee received them.   But appellant guaranteed them, and at his instance and request she brought suit upon them, expending $10.00 costs, and was defeated.   This made appellant liable.  See authorities *supra*.  The question as to usury was settled in the former suit, and even if the court's instructions were erroneous, appellant was not prejudiced.

1.   Warranty implied in assignment of note transferable by delivery.

COCKRILL, C. J.   When a promissory note is transferable by delivery without endorsement, one who so transfers incurs, not the obligations of an endorser but, the liability of a vendor.   There is not only an implied warranty that he assigns a good title, and that the paper is what it purports to be, but also that there is no legal defense to the collection growing out of his own connection with its origin.   Story on Prom. Notes, secs. 117-8; Chitty on Bills, 246; *Challis v. McCrum*, 22 Kan., 157, and cases cited.   Doubtless good faith and fair dealing demand and have established a broader rule, but that stated satisfies the necessities of the present case. "There can be no doubt," says Chitty, *supra*, "that if a man assign a bill (by delivery only) for a sufficient consideration, knowing it to be of no value, and the assignee be not aware of the fact, the former would in all cases be compellable to repay the money he had received."   If the law raises such a warranty by implication, it follows that when the assignor by delivery expressly warrants that the paper is good and will be paid by the maker, he is liable if it turns out to be worthless for usury or any other defense of the maker.   The fact that the warranty is not in writing but is oral is not material. 1 Daniel's Neg. Inst., sec. 739 *a*; *Milks v. Rich*, 80 N. Y.,

269; *King v. Summitt*, 73 Ind., 312; *Malone v. Keener*, 44 Pa. St., 107.

The proof in this case shows that the appellant negotiated the original loan for which the note he sold Mrs. Corege was given, and that he knew all the facts in relation to its validity, but disclosed none to his assignee; that he expressly stipulated with her that the note was good, and that no defense existed against it. When the maker informed the assignee that the note was given upon a usurious consideration, the appellant directed her to bring suit for its collection, again assuring her it was a binding obligation upon the maker. She brought the suit and was defeated on the merits. The authorities cited establish her right to recover the amount paid. She recovered also the costs she was compelled to pay in prosecuting the suit against the maker. That was a legitimate part of her damage. If she was not bound to attempt the collection of the note, she was certainly justified in doing so; and the appellant, by requesting her to prosecute it, became bound by the judgment and liable to her for the costs, upon the principle which governs in breach of covenant of quiet enjoyment of real estate where the covenantor is notified of the pendency of suit and requested to furnish the evidence to sustain the defense. *Collier v. Cowger*, 52 Ark., 322. The rule governing that class of cases is applied also in this. *Delaware Bank v. Jarvis*, 20 N. Y., 226; *Bell v. Dagg*, 60 N. Y., 528; *Mosher v. Hotchkiss*, 2 Keyes, 589; *Coolidge v. Brigham*, 5 Met. (Mass.), 68.

The errors complained of by the appellant relate to the prayers for instructions based solely upon facts which constituted the maker's defense to the note. But those questions were precluded by the judgment which the assignee had prosecuted at the appellant's request, and the court should have refused all and granted none. Finding no error prejudicial to the appellant, the judgment is affirmed.

*2. Breach of warranty — Estoppel.*