### C. W. WORD v. W. L. ELWOOD.

Decided November 9, 1896.

**Negotiable Instrument—Assignment—Indorsement.**

By article 307, Revised Statutes, any person to whom a negotiable instrument has been assigned, whether the form of the transfer is written or verbal, is protected against a plea of failure of consideration, if an innocent holder, for value, before maturity: whether or not words written on the note by the payee and guaranteeing payment constitute an indorsement under the law merchant is not material.

QUESTIONS CERTIFIED from Court of Civil Appeals, Second District, in an appeal from the County Court of Wichita County.

*R. Cobb,* for appellant.

DENMAN, ASSOCIATE JUSTICE.—In this cause the Court of Civil Appeals have certified to this court for answer the following question with explanatory statement:

"W. L. Ellwood, appellee, brought this suit against C. W. Word, appellant, to recover upon a promissory note for the principal sum of $350, drawn by Word to Berg & Story, or order. The following writing is upon the back of the note: 'For value received, we hereby guarantee the payment of the within note at maturity or any time thereafter, waiving demand, notice of non-payment and protest. (Signed), Berg and Story.'

"The defendant pleaded a failure of consideration, and this plea the plaintiff was permitted by the trial court to avoid, on the ground that he was an innocent holder for value before maturity of the note in suit.

"We deem it proper to certify to your Honors the following question for decision:

"Was the contract written upon the back of this note an endorsement or an assignment of the same, such as, within the meaning of the law merchant regulating the transfer of negotiable paper, would avail the holder, as an innocent purchaser for value before maturity, to avoid a plea of failure of consideration urged by the maker?

"On this question we respectfully cite the following authorities: Central Trust Co. v. The Bank, 101 U. S., 68-71 (Book 25 L. C. Ed., p. 877); Belcher v. Smith, 7 Cush., 482.; Story on Notes, sec. 121; Pickering v. Cording, 92 Ind., 306.

"Hatcher v. Bank, 79 Ga., 542; Helmer v. Bank, 44 N. W. Rep., 482; Weitz v. Wolfe, 44 N. W. Rep., 485; Heard v. Bank, 8 Neb., 10; Bank v. Haylen, 14 Neb., 480; Daniel on Negotiable Instruments, secs. 688c, 689a."

From the authorities above cited, it appears that there is conflict of opinion as to how the question should be answered under the law merchant. We do not, however, feel called upon to determine the matter, since, in the absence of any statement of the Court of Civil Appeals showing the contrary, we must presume that the transaction is governed by our Rev. Stat., which is as follows:

"Article 307 (265): Any person to whom any of the said negotiable instruments may have been assigned, may maintain any action in his own name which the original obligee or payee might have brought; but he shall not only allow all just discounts against himself, but, if he obtained the same after it became due, he shall also allow all just discounts against the assignor before notice of the assignment was given to the defendant; but should he obtain such instrument before its maturity, by giving for it a valuable consideration, and without notice of any discount or defense against it, then he shall be compelled to allow only the just discounts against himself."

An instrument is "assigned" within the meaning of this statute when it is transferred from one to another. The form of the transfer and whether written or verbal is immaterial. The statute extends its protection to all assignees coming within its terms, though they may not have acquired their instruments in accordance with the technical rules regulating transfers under the law merchant.

Under our construction of the statute we do not deem it important in this case to determine whether the writing on the note constituted a technical endorsement, and therefore do not answer the question certified.