McFARLING v. CAREY et al. †

(Court of Civil Appeals of Texas. .Amarillo. May 11, 1912. On Motion for Rehearing, June 22, 1912.)

1. BILLS AND NOTES (§ 460*)—ACTIONS—PARTIES.

Under Sayles' Ann. Civ. St. 1897, art. 312, providing that assignors, indorsers, and other parties not primarily liable on any negotiable instrument may be jointly sued with their principal obligors, the holder of a negotiable instrument has the right to jointly sue all parties liable to him thereon, whether secondarily or primarily.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1434–1443; Dec. Dig. § 460.*]

2. BILLS AND NOTES (§ 209*)—ASSIGNMENT—EFFECT.

Under Sayles' Ann. Civ. St. 1897, art. 307, and Rev. St. 1895, art. 308, respectively providing that any person to whom a negotiable instrument may have been assigned may sue thereon in his own name, and that the obligee or assignee of any instrument, not negotiable, may transfer to another by assignment all the interest he may have in the same, a verbal assignment of a negotiable instrument is of the same effect as an indorsement.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 497, 498, 501; Dec. Dig. § 209.*]

On Motion for Rehearing.

3. BILLS AND NOTES (§ 326*)—ASSIGNMENTS. —WHAT CONSTITUTES.

A sale of negotiable paper with representations that it is good, and that the makers are solvent, and that it would be paid at maturity, constitutes an assignment equivalent to an indorsement, rendering the seller secondarily liable.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 780–787; Dec. Dig. §. 326.*]

Error to District Court, Childress County; S. P. Huff, Judge.

Action by W. P. Carey and A. C. Lombard, copartners, doing business as the Childress Lumber Company, against C. W. McFarling and others. There was a judgment for plaintiffs, and the defendant named brings error. Affirmed.

James N. Wilkerson and H. A. Turner, both of Ft. Worth, for plaintiff. in error. Jos. H. Aynesworth and M. J. Hathaway,. both of Childress, for defendants in error.

HALL, J. The Childress Lumber Company, a firm composed of W. P. Carey and A. C. Lombard, brought this action against W. A. Moore, C. T. Wright, Walter Miars, and C. W. McFarling to recover the amount due upon two vendor's lien notes, executed by W. A. Moore, payable to C. T. Wright, and to foreclose the lien retained therein on certain lands described in the plaintiffs' petition. Plaintiffs alleged, in substance, that on the 1st day of December, 1908, McFarling was the owner of the notes; that Miars was negotiating for the purchase of said notes from McFarling, and that plaintiffs were negotiating for the purchase of the same from Miars, the negotiations between McFarling and Miars being dependent upon the agreement of plaintiffs to accept said notes from Miars; that McFarling represented to plaintiffs that said notes were good and sufficient notes; that they were the only lien against the lands for which they were given; that the maker and indorser of said notes. were well worth the money; and that they would be paid at maturity. This is followed by an allegation that the representations made by McFarling were false, made with intent to deceive and defraud plaintiffs, and that, relying thereon, they were defrauded and induced to accept the notes from Miars. Defendant Miars answered, admitting that he indorsed and transferred the notes sued upon to plaintiffs as security for lumber furnished him by plaintiffs; that he was entitled to recover a balance, and joined plaintiffs in their suit for recovery on the notes and for foreclosure. By way of cross-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error granted by Supreme Court.

bill he further alleged that "on or about September 12, 1908, this defendant and wife and W. W. Mallett and wife, by their joint deed of conveyance, transferred and conveyed to the defendant C. W. McFarling the following described real estate. * * * And that as a part of the consideration passing from the defendant McFarling to this defendant as a part of the purchase money for said land that the said McFarling transferred and assigned the two said notes sued upon by plaintiffs to this defendant, and at the same time, and as an inducement for this defendant to accept said notes, in lieu of so much purchase money to be paid by the said McFarling to this defendant for the conveyance of said lots of land, above described, said McFarling represented that W. A. Moore, the maker, and C. T. Wright, the indorser, of said notes, and codefendants herein, were both solvent, and that the notes would be paid at maturity. This defendant alleges that the transfer, assignment, and delivery of said notes by the defendant McFarling as aforesaid, was for a valuable consideration, to wit, in lieu of the part of the purchase money for the conveyance of the land, above described, and that by reason of the said notes being assigned, transferred, and delivered to this defendant, as aforesaid, that the defendant McFarling guaranteed the payment of said notes and warranted the solvency of the maker and prior indorsers thereon, and that by reason of the said notes being transferred by the said McFarling to this defendant, in lieu of a part of the purchase money for said lots of land, above described, that this defendant has the vendor's lien on the said lots of land until the said notes are fully paid off and discharged, according to their tenor and effect, and is entitled to a foreclosure of such vendor's lien, and that by reason of the transfer and assignment of the said notes by the defendant McFarling to this defendant, for the purposes and consideration and under the circumstances aforesaid, that the said McFarling became liable and bound himself to pay to this defendant the full amount of any default made in the payment of said notes by the maker and prior indorsers thereof."

The case was tried before the court, and judgment rendered in favor of plaintiffs and against all of the defendants, including the plaintiff in error, for the full amount of the notes and a foreclosure of the lien on the land described in the plaintiffs' petition, but denied a foreclosure of the lots in Childress, transferred by Miars to plaintiff in error in consideration of the notes sued upon. The judgment is awarded against Walter Miars, in favor of plaintiffs, in the sum of $510.97, and awards execution against plaintiff in error and Miars for its satisfaction; also awarding execution against plaintiff in error and Miars in favor of the plaintiffs for the remainder of the judgment for the benefit of Miars.

[1, 2] The first four assignments of error urged by plaintiff in error in this court relate solely to the action of the court below in overruling his general demurrer and special exceptions to plaintiffs' original petition. The first special exception referred to is that the petition shows a misjoinder of parties and causes of action, in that the cause of action against all of the defendants, except McFarling, is upon the contract, and that the cause of action alleged against him is on tort. The second special exception is that there was a misjoinder of parties defendant, in that McFarling was not a party to the contract and notes, either as maker or indorser, and had no interest in the subject-matter. The third special exception insists that the petition shows the defendant's liability is on a tort, and not upon a contract, and that the other defendants are not necessary and proper parties. There is a further special exception, based upon the statute of frauds. It is insisted by appellant, under these assignments, that the facts alleged in plaintiffs' petition show that plaintiff in error was the mere transferror of the notes sued upon without indorsements; that the allegations of the petition are not sufficient to maintain an action against him upon the grounds of fraud and deceit, in that no damages or injury was shown, and that plaintiffs should not have joined McFarling with the other defendants in suit. Sayles' Civil Statutes, art. 312, is: "Assignors, indorsers and other parties not primarily liable upon any of the instruments named in this title, may be jointly sued with their principal obligors," etc. And, in our opinion, it settles the question of misjoinder of parties adversely to appellant's contention, if it can be held that McFarling was an assignor of the notes in suit. This article, when construed with article 307, it seems, would authorize the judgment which was rendered. "At common law the liability of the acceptor, the drawer, and indorser of a bill of exchange, and of the maker and indorser of a promissory note, are several and not joint; and hence, while they might be sued at the same time in separate actions, they could not be proceeded against in the same suit. The purpose of the statutes noted above was to abolish the technical rule of the common law, and to enable the holder of negotiable paper to sue all parties liable thereon in one suit. When we adopted the common law, we adopted, in lieu of the practice of common-law courts, one based upon the broader principles of the equity procedure; and it has ever been the aim of our Legislatures and courts to permit and encourage the adjudication of all controversies growing out of the same transaction in one suit. This was clearly the purpose of article 312, and nothing more. 'Parties not primarily liable'

means parties who have become secondarily liable, and not such as may become liable upon the happening of some contingencies." Kildare Lumber Company v. Atlanta Bank, 91 Tex. 95, 41 S. W. 64. In National Bank of Commerce v. Kenney et al., 98 Tex. 293, 83 S. W. 368, Gaines, C. J., said: "Under our law it matters not how a negotiable note has been assigned. Though the transfer be not evidenced by a writing, it is placed upon the same footing as a transfer by indorsement. Word v. Elwood, 90 Tex. 130 [37 S. W. 414]." Again, in the case of Prouty v. Musquiz, 94 Tex. 87, 58 S. W. 721, 996, he says: "The holder of a negotiable instrument by an assignment not in writing, being placed upon the same footing as an indorser at common law, it follows that the rule of the commercial law must determine the question, unless it should be held that there is something in the language of the statute to indicate a purpose to change that rule." And again, in Cleveland v. Heidenheimer, 92 Tex. 108, 46 S. W. 30, he used this language: "Article 308 of the Revised Statutes of 1895, provides that the obligee or assignee of any written instrument, not negotiable by law merchant, may transfer to another by assignment all the interest he may have in the same. This provision so changes the common law as to permit the transfer of the legal, as well as the equitable title, to a written contract. It is well settled that such an assignment need not be in writing. It is practically so ruled in the case cited above (Insurance Co. v. Coffee, 61 Tex. 287), and the rule is recognized in the case of Word v. Elwood [90 Tex. 130] 37 S. W. 414." The greater part of appellant's brief seems to have been prepared upon the theory that it was necessary for plaintiffs to allege and prove fraud; but we do not assent to this contention. If the evidence relating to the transaction and statements made by McFarling are sufficient to constitute a transfer, then it becomes immaterial whether his statements were false, and injury resulted therefrom. As we view the circumstances, under the law announced in the above-quoted opinions, appellant can be held as an assignor under an assignment verbally made.

While the testimony was conflicting as to what was said by McFarling with reference to his liability upon the notes, it is sufficient to sustain the finding of the trial court. We are not prepared to say that the pleading of plaintiffs was insufficient, and that the general demurrer should have been sustained; but, should we be in error in this, the cross-action of Miars was not excepted to, and is sufficient to sustain a judgment.

In our opinion, there is no error requiring a reversal of the cause, and the judgment is affirmed.

### On Motion for Rehearing.

Appellant insists in this motion that the verbal assignment of the note in question does not render him liable. It is held, in Word v. Elwood, 90 Tex. 130, 37 S. W. 414, that an assignment may be verbally made, and is as valid and binding as if in writing; and in Neal v. Andrews, 60 S. W. 459, Templeton, J., says: "The court properly instructed the jury that an assignment in blank was equivalent to an indorsement in blank, and would bind Andrews as indorser. 1 Daniel, Neg. Inst. §§ 664a, 688c. See Rand. Com. Paper, §§ 704. If Andrews desired that the words 'assigned in blank,' as used in his telegram, should be construed to mean a mere transfer of conveyance of his title and interest in the notes, and not an indorsement, it was his duty to so inform his agents." The evidence is conflicting as to what was said by McFarling at the time he transferred the notes; but this conflict has been settled adversely to appellant by the finding of the trial judge.

[3] The weight of authority seems to be against appellant's contention; and, the trial court having found that appellant, in order to induce the sale, represented that the note was good, that the makers were solvent, and having assured the purchaser that it would be paid at maturity, would, we think, make him liable. Daniel's Neg. Inst. § 739a; Bruce v. Burr, 67 N. Y. 240; Cardell v. McNeil, 21 N. Y. 336; Bohemian Oats Case, 78 Mich. 145, 43 N. W. 1046, 6 L. R. A. 501, and note, 18 Am. St. Rep. 435; Smith v. Corege, 53 Ark. 295, 14 S. W. 93.

Motion for rehearing is overruled.