## CLOPTON et al. v. ABEE.

(Court of Civil Appeals of Texas. San Antonio. May 7, 1913. Rehearing Denied June 28, 1913.)

VENDOR AND PURCHASER (§ 180*)—PURCHASE MONEY—AGREEMENTS TO "SELL AND TRANSFER" NOTES—EFFECT.

A contract of sale of real estate stipulated that the purchaser should "sell and transfer" to the vendor two notes, one for $750 and one for $500, executed by a third person to the purchaser; that the deed should not be delivered until the $750 note was paid; and that the vendor should use diligence in collecting it for at least eight days after maturity. The deed executed by the vendor recited the $500 note as cash paid. No lien was retained on the land. The $500 note was delivered without indorsement and received without protest. *Held* that, notwithstanding the term "sell and

transfer," the purchaser was only required to make an indorsement without recourse; the term "transfer," when applied to negotiable paper, being a general term, showing that the beneficial interest in the paper has passed to another, but not indicating the manner of the transfer—quoting 8 Words and Phrases, pp. 7069, 7070.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 366; Dec. Dig. § 180.*

For other definitions, see Words and Phrases, vol. 7, pp. 6407, 6408.]

Appeal from District Court, Bexar County; Ed H. Wicks, Special Judge.

Action by C. C. Abee against J. A. Clopton and W. C. Holland. From a judgment for plaintiff against both defendants and in favor of defendant Holland against defendant Clopton, defendant Holland appeals. Reversed and rendered in part and affirmed in part.

J. I. Kercheville, of San Antonio, for appellant. Jay Minter, of San Antonio, for appellees.

MOURSUND, J. C. C. Abee sued J. A. Clopton and W. C. Holland on a note for $500, executed by Clopton to Holland, alleging that Clopton was insolvent, and that said note was delivered to him in part payment for certain lots sold by him to Holland, praying for judgment against both defendants and for foreclosure of vendor's lien upon said lots. By trial amendment he alleged that Holland agreed to sell and transfer the note to plaintiff, and to indorse in blank and deliver said note to plaintiff, and had fraudulently, through oversight of plaintiff, failed to indorse said note. Holland answered by general denial, and specially denied that he had guaranteed, indorsed, or agreed to pay or indorse the said note, and alleged that he was not liable upon the same. He also denied that a lien existed upon the lots, but it is not necessary for the purposes of this appeal to state such allegations. The case was tried before the court, and judgment rendered in favor of plaintiff against Clopton as the maker of the note, and against Holland as an indorser or surety, and in favor of Holland over against Clopton, and against plaintiff on his claim for foreclosure of vendor's lien. This judgment was appealed from by Holland.

The findings of fact filed by the trial court are adopted as follows:

"That on December 1, 1911, plaintiff and defendant W. C. Holland entered into the following contract, viz.: 'State of Texas, County of Bexar. This memorandum witnesseth: That C. C. Abee and wife, Annie Abee, parties of the first part, and W. C. Holland, party of the second part, enter into the following contract: First parties agree to sell to second party lots Nos. 46 and 47 in block No. 11, city block 1619, house No. 1041 Denver Boulevard, in the city of San

Antonio, Bexar county, Texas, and second party agrees to pay therefor eighteen hundred dollars, as follows: (1) Second party agrees to assume a note of $260.00 due the West End Lumber Company on said lots. (2) Second party agrees to sell and transfer one note with accrued interest for $750.00, dated Sept. 24, 1911, with interest at 7% per annum, and due Dec. 24, 1911, and also one note for $500.00, and accrued interest, dated Sept. 17, 1911, with interest at 7% per annum, payable March 17, 1912, both of said notes made by J. A. Clopton to W. C. Holland. (3) Second party agrees to pay the balance in cash. It is understood and agreed that warranty deed from first parties to second party is to be delivered on the payment of said $750.00 note above described, and if said note is not paid when due, first parties agree to use due diligence in collecting same, for at least eight days thereafter. Abstract is to be furnished to said property showing good title to first parties, and if said title is not good, this contract to be of no further force or effect. Said property to be deeded free of all incumbrances and liens except as to $260.00 note. Witness our hands at San Antonio, Texas, this 1st day of December, 1911. [Signed] C. C. Abee. Annie Abee. W. C. Holland.'

"I further find that said $500 note sold by defendant Holland to plaintiff is as follows: '$500.00. San Antonio, Texas, June 17th, 1911. On or before March 17th, 1912, for value received, I promise to pay to the order of W. C. Holland, at San Antonio, Texas, Five Hundred and No/100 Dollars, with interest at the rate of 7% per annum from date. J. A. Clopton.' And that the following words appear on the back of this note, 'Pay to C. C. Abee with—'

"I find that at the time said note was delivered no writing was contained on the back thereof; that the defendant Holland did not attempt to indorse it at the time the trade was closed on January 12, 1912, but that some time afterwards plaintiff's attorney presented same to said Holland for indorsement, who refused to indorse with recourse, and that said indorsement was not completed because plaintiff's attorney objected to the same being written 'without recourse,' which defendant offered to do.

"I further find: That in compliance with said contract of sale the plaintiff executed and delivered to said defendant Holland a general warranty deed to said lots, and that the consideration expressed therein was as follows: 'Eighteen hundred dollars to us in hand paid by W. C. Holland as follows: Fifteen hundred forty dollars in cash, the receipt of which is hereby acknowledged, and the assumption of a balance of two hundred sixty dollars due the West End Lumber Co. of San Antonio, Texas.' That no lien was reserved in said deed, but a vendor's lien clause was scratched out, and that the con-

tract between them provided that said property was to be deeded free of all incumbrances and liens except as to the $260 note, which deed was delivered on the payment of said $750 note on January 12, 1912, and I further find as a fact that said $500 note herein sued upon by plaintiff was a part of the purchase money for said lots. That J. A. Clopton, the maker of said $500 note, was not on January 12, 1912, insolvent, but that he is now insolvent."

The trial court concluded as a matter of law that by reason of the agreement to sell the note and its sale, Holland became liable thereon as indorser with recourse as much so as though he had in fact indorsed the same in blank or with recourse.

Appellant attacks this conclusion of the court, and by various assignments of error contends that the words "sell and transfer" used in the contract cannot be construed to mean an agreement to indorse with recourse or a contract to guarantee the payment of the note, but merely an agreement to convey the right, title, and interest of the holder in the note. We gather from the briefs of the parties that the decision of the court was based largely upon the opinion in the case of Andrews v. Whitehead, 60 S. W. 800. In that case the owner of notes offered them for sale through agents who agreed that he would indorse them, but he refused to do so. The agents sued for commission, and proved that they notified him of the sale, and requested him to send them the notes assigned in blank, to be delivered to the purchaser, and he telegraphed them confirming the sale, and stating he would send them the notes assigned in blank. The court held this promise was equivalent to a promise to indorse; that the term, "assignment," is frequently used to denote an indorsement; that, if the owner writes his name on the note without using words which distinctly limit his liability, he thereby becomes liable as an indorser, and the words used will be construed most strongly against him; that, while the owner did not write his name on the notes, he agreed to assign them in blank, and if he had written such agreement on the notes, and signed the same, he would have been liable as indorser; that the transfer of commercial paper payable to order is usually by indorsement, and when the owner agreed to transfer the notes he will be held to have agreed to transfer them in the usual way, unless otherwise stated, and, not having stated explicitly the kind of transfer he was willing to make, he was bound to make to the purchaser the kind of transfer demanded by him which could fairly be said to come within the terms of his promise.

This case is very different from the case just discussed. In this case the agreement to sell and transfer the note cannot be considered alone, but must be considered in connection with the other portions of the

contract; and, when so considered, it appears that the note was to be transferred and received as a part payment of the consideration for certain lots. It further appears that the deed was not to be delivered until the $750 note was paid, and that the grantors in the deed were to use due diligence in collecting such note for at least eight days after its maturity. This would indicate that the $750 note was delivered at the time the contract was made. No finding is made as to when the $500 note was delivered. The deed recited the $500 note as cash paid; that is it was included as cash in the recital of the aggregate amount of cash paid. No lien was retained upon the land, and the note was delivered without indorsement and received without protest, and while plaintiff, by trial amendment, alleged that he overlooked appellant's failure to indorse said note at the time of delivery in the rush of closing the deal and counting the money, yet it is found by the court that it was some time afterwards before plaintiff had his attorney present the note to Holland for indorsement—whether before or after maturity is not shown. Nor did the court make a finding as to the date when plaintiff discovered that the note was not indorsed. "The term 'transfer,' when applied to negotiable paper, is a general term showing that the beneficial interest in the paper has passed to another, but not indicating in what manner the transfer has been made. It may be transferred by indorsement, which has the technical meaning of writing on the back, or by delivery, or by independent writing," etc. 8 Words and Phrases, p. 7069. Under our statutes a verbal transfer had the effect of protecting plaintiff against any plea of failure of consideration. Word v. Elwood, 90 Tex. 130, 37 S. W. 414. As the word "transfer" does not necessarily convey the idea of an indorsement with recourse, it becomes necessary to consider the words "sell and transfer," in connection with, and as explained by, the terms of the contract in which such words are used, and the construction placed upon such contract by the parties thereto. The object of the parties, as expressly pleaded by plaintiff, and shown by the entire transaction, being to transfer this note as part of the payment for land, the word "transfer" should be construed to mean the character of transfer as would effectuate the object to be attained, and should not be given a construction which would not make the note a payment, but merely security for the fulfillment by Holland of an obligation to pay to plaintiff the amount of the note. To indorse a note without restrictions, where it is transferred for property received, ordinarily carries with it the idea that the note has not been accepted as payment, but such inference may be rebutted by showing that it was received as payment, and we

have two cases in Texas, cited by appellees, where such an indorsement in view of the contract under which it was made was held to pass merely the title, and not to create liability upon a contract of indorsement. These cases are Wade v. Wade, 36 Tex. 530, and Hanrick v. Alexander, 51 Tex. 502, the latter of which cites the former with approval.

In this case appellant, when called upon, offered to indorse the note without recourse, but his offer was declined. Construing the words, "sell and transfer," most strongly against appellant, but in harmony with the remainder of the contract, and the construction given it by the parties, the most that could be asked by appellant was an indorsement without recourse. The evidence wholly fails to show any contract to indorse the note with recourse, and the trial court erred in so holding.

The judgment will be reversed in so far as it awards a recovery against appellant, and here rendered that appellee take nothing as against appellant, and as a necessary consequence that appellant take nothing against Clopton, and in all other respects affirmed.