SLAUGHTER v. BANK OF TEXLINE et al.

(Court of Civil Appeals of Texas. Amarillo. Feb. 14, 1914.)

1. APPEAL AND ERROR (§ 253*)—GROUNDS OF REVIEW—NECESSITY OF EXCEPTION.

Unless an exception to the answer and to a plea of intervention was called to the attention of the trial court and action thereon requested, the exception was waived in the court below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1485, 1488, 1491–1493; Dec. Dig. § 253.*]

2. ASSIGNMENTS (§ 48*)—EQUITABLE ASSIGNMENTS—ORDER UPON OR APPROPRIATION OF PARTICULAR FUND.

Where the holder of a note sent it to a bank for collection and the maker ordered the bank to apply his deposit to the payment of the note, there was an equitable assignment of the deposit for payment of the note.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 133; Dec. Dig. § 48.*]

3. ASSIGNMENTS (§ 121*) — ACTION BY ASSIGNEE IN OWN NAME.

Where the maker of a note directed the bank holding it for collection to apply his deposit to the payment thereof, the holder as assignee could sue therefor in his own name.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 200–205; Dec. Dig. § 121.*]

4. ASSIGNMENTS (§ 87*)—RIGHTS AND LIABILITIES OF PARTIES—EQUITIES.

Where a deposit in a bank had been equitably assigned to be applied on the payment of the depositor's note held by the bank for collection, the president of the bank holding the depositor's subsequently matured note could not claim to be a subsequent purchaser or lienholder without notice.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 155; Dec. Dig. § 87.*]

5. BANKS AND BANKING (§ 134*)—DEPOSITS—APPLICATION.

A bank, after notice that a deposit was to be applied in payment of the depositor's note which it then held for collection, and after agreeing to so apply it, had no legal right to make or permit any other disposition of the deposit.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 353–374; Dec. Dig. § 134.*]

Appeal from Dallam County Court; T. S. Mills, Judge.

Action by W. B. Slaughter against M. M. Rice, with writ of garnishment against the Bank of Texline, and intervention by W. F. Wall. Judgment for garnishee, and plaintiff appeals. Affirmed.

B. N. Richards, of Dalhart, for appellant. Tatum & Tatum, of Dalhart, for appellee.

HUFF, C. J. The appellant, W. B. Slaughter, instituted suit against M. M. Rice, in the county court of Dallam county, for the sum of $288.75, interest and attorney's fees, in which suit he sued out a writ of garnishment against the Bank of Texline. The bank answered that it had on deposit $299.70 in the name of M. M. Rice. Rice filed a controverting affidavit to the answer of garnishment, alleging: The bank was not indebted to him. That the $299.70 claimed to be owing by it to Rice was placed in the bank to pay a note due W. F. Wall, then held by the bank, and that he (Rice) informed, advised, and requested the bank to apply the deposit upon the note due by him to Wall. The note to Wall was for the sum of $300, and had been at the said bank for collection, and the bank consented to apply said sum on the note. That the bank had both the note and the money in its possession. That the money was Wall's, and that the bank knew that fact, and Rice further asked that Wall be brought into the case. W. F. Wall intervened, setting up his note against Rice, for the sum of $300, and alleged that the money was deposited to pay off the note in the bank and was deposited and held for him to be applied on said note.

[1] The appellees, Rice and Wall, object to the first and second assignments, which are to the effect that the court erred in over-

ruling appellant's exception to the answer of Rice, and the plea of intervention by Wall. The objection of the appellees to the consideration of the assignment is that by the statement it is not shown that the exception was presented to the trial court and that he in fact ruled on the same and appellees assert that as a matter of fact the record does not show that the exception was passed on by the trial court. On looking through the record, we find no order of the court overruling the exception or a bill of exception taken to the action of the court in overruling the same. We must therefore sustain appellees' exceptions to the assignments. Unless the exception was called to the attention of the trial court and action thereon requested, we must treat the exception to the answer and the plea of intervention as having been waived in the court below. Telegraph Co. v. Rosentretor, 80 Tex. 406, 16 S. W. 25; Northern Assurance Co. v. Samuels, 11 Tex. Civ. App. 417, 33 S. W. 239.

The third assignment is that the court erred in rendering judgment in favor of Wall for the sum deposited for the reason that it is not shown by the testimony that there was a transfer of the fund before the garnishment was served on the bank. The trial court filed his findings of fact, and therein found that M. M. Rice executed his note to intervener, W. F. Wall, for the sum of $300, which is dated in March, 1911, and due 12 months after date; that Wall sent the note to the bank for collection, whereupon Rice paid the interest on the note when due and at that time secured an extension of six months on the note. At the expiration of that time Rice called on the bank to pay the note and had in the bank at that time on deposit $299.70, and requested the cashier of the bank to apply that sum on the payment of the note due Wall. The cashier of the bank agreed to do so. The bank failed to apply the money on the note of Wall, but kept it in the bank in the name of Rice. The bank was the agent of Wall, for the collection of the note at the time he agreed to apply the deposit on the note. Rice also requested the bank to procure a release of the mortgage lien on certain property held by Wall and to secure the note due him, all of which the bank agreed to do. The note sued on by Slaughter was not due when Rice requested and the bank agreed to apply the money on the Wall note, and after such request Rice made no other order nor drew any check on the deposit. The appellant Slaughter, after his note came due, sued and garnished the bank of which he was then and is now its president. The intervener Wall in this case is the party to whom Rice ordered the deposit to be paid on his note. We think the evidence is sufficient in the record to support the findings of the trial court.

[2, 3] The direction of Rice to the agent of Wall to apply the money in the agent's possession to the note which was held for collection was, we think, an equitable assignment of the fund, and by agreement of the agent, and Rice, was such an assignment of the funds before there was any garnishment sued for or issued. The assignment of a chose in action may be transferred orally or by writing. The form of the transfer, whether written or verbal, is immaterial. Word v. Elwood, 90 Tex. 130, 37 S. W. 414; Ogden v. Slade, 1 Tex. 13; Rollinson v. Hope, 18 Tex. 446; Railway Co. v. Wright, 2 Willson, Civ. Cas. Ct. App. § 340. The deposit in the bank having been assigned verbally to pay the note of Wall then in the possession of the bank for collection under an agreement by the bank to apply the money so deposited, to the payment of the note, was an equitable assignment of the indebtedness due by the bank to Rice for which Wall could sue in his own name. Authorities supra; Milmo Nat. Bank v. Convery, 8 Tex. Civ. App. 181, 27 S. W. 828.

[4] The debt having been transferred before the garnishment was sued out or served, the appellant Slaughter cannot therefore claim to be a subsequent purchaser or lienholder without notice. Smith v. Railway Co., 39 S. W. 969.

[5] After the bank had been notified that the deposit was to be applied on the note of Wall, which it then held for collection, and after agreeing so to apply it on the note, it had no legal right to make or permit to be made any other disposition of the deposit. Bank v. Munzesheimer, 26 S. W. 428.

We find no such error assigned as will require a reversal of the case, and the judgment will therefore be affirmed.