HARVEY CURTIS *v.* SEWALL F. BELKNAP.

When a contract in writing comes incidentally in question upon the trial of a suit, its execution may be proved by other testimony, than that of the subscribing witness.

In this case the plaintiff had entered into a contract, in writing, with a third person, that he would perform certain labor for a specified price, and the defendant, upon sufficient consideration, agreed, that he would perform so much of said contract as belonged to such third person to perform; and it was held, in a suit against the defendant upon such promise, that the subscribing witness to the original contract need not be called, but that its execution might be proved by the testimony of one who was a party to it.

If a contract be made with one of three partners, by one who is not aware of the partnership, but supposes he is contracting with the individual partner, such partner may sustain a suit upon the contract in his own name.

It is no objection to a count, on motion in arrest of judgment, that it refers to previous counts for the subject matter of recovery.

ASSUMPSIT. The plaintiff alleged, in the third count of his declaration, that, on the seventh of December, 1846, he agreed with Thompson & Kent, by contract in writing, that he would deliver all the stone required for certain work upon the Vermont Central Rail Road, they furnishing and loading the stone and paying him a price agreed upon for each cubic yard,—the engineer to estimate, from time to time, the amount drawn, and payments to be made accordingly; that afterwards, on the seventeenth of February, 1847, Thompson & Kent having failed to perform their part of the agreement, the defendant, in consideration that the plaintiff would continue to draw the stone according to the contract, promised that he would pay the plaintiff, according to the prices named in the contract, for all that he should thereafter draw; that the plaintiff, relying upon this promise, did continue to draw the stone; but that the defendant refused to pay him therefor. In his fourth count the plaintiff alleged the making of the contract with Thompson & Kent, referring to the third count for its terms, and farther alleged, that on the third of February, 1847, Thompson & Kent having

55

failed to perform upon their part, the defendant, in consideration that the plaintiff would continue to draw the stone, promised to perform the stipulations in the contract on the part of Thompson & Kent to be performed; that the plaintiff accordingly, on the eighth of February, 1847, relying upon the defendant's promise, was ready, with his teams and men, to draw the stone; but that the defendant did not furnish and load the stone, as, by his promise, he was bound to do; whereby the plaintiff lost the time of his teams and men, and the expense of keeping them, for three weeks. Plea, the general issue, and trial by jury, December Term, 1848,—Redfield, J., presiding.

On trial the plaintiff, to prove the execution of the contract between himself and Thompson & Kent, called the said Thompson as a witness; but, it appearing that there was a subscribing witness to the contract, the defendant objected, that the execution of the contract could only be proved by the testimony of such witness. The objection was overruled by the court. The estimates of the engineer, as to all the stone except such as were intermingled with other stone by the defendant's workmen, were used in the case by consent of the plaintiff, although not proved; and as to the stone so intermingled with other stone, that they could not be estimated after they were laid, the court held, that the plaintiff might recover for them upon the testimony of witnesses, other than the engineer, who estimated the amount drawn and thus used.

The plaintiff claimed to recover damages of the defendant for the detention of his men and teams eighteen days, in consequence of stone not being quarried, and for the subsistence of the same, and for the wages and profits, which might have been earned by them during that time. It was not proved, that the plaintiff gave any notice to the defendant, that the stone were not quarried; but the plaintiff gave evidence tending to prove, that one Benedict had contracted to quarry the stone for the defendant, and that the defendant was to furnish him with tools, but neglected to do so. The court instructed the jury, that, under this state of the case, the plaintiff would be entitled to recover reasonable damages for the detention, &c., as above stated.

It appeared, that the contract with Thompson & Kent was made in the name of the plaintiff alone, but that one Carpenter and one

Curtis v. Belknap.

Bigelow were in partnership with the plaintiff, and so continued until after the failure of Thompson & Kent, in January, 1847; that the defendant then sent one Benedict to the plaintiff, to procure him to resume drawing the stone, and sent to the plaintiff a letter, dated February 17, 1847, in which he promised to pay for the work contracted by Thompson & Kent, that had been done subsequent to their failure, and for all that should thereafter be done, at the prices named in the contract; that Benedict saw the plaintiff and Carpenter and Bigelow, and made an arrangement with them to resume the work; and that the three partners were to be interested in the profit or loss of the business. The defendant insisted, that this suit could not be sustained in the plaintiff's name; but the court ruled, that the action might be maintained by the plaintiff alone, or by the three co-partners, since it did not appear, that the co-partnership was known to the defendant, or that he was contracting with any other one than the plaintiff, although the same was known to Benedict.

Verdict for plaintiff. Exceptions by defendant.

After verdict the defendant moved in arrest of judgment for the insufficiency of the declaration; which motion was overruled by the court; to which decision the defendant also excepted.

*C. W. Prentiss* and *H. Carpenter*, for defendant, to the point, that the execution of the contract with Thompson & Kent should be proved by the subscribing witness, cited *Willoughby v. Carleton*, 9 Johns. 136, *Hogland v. Sebring*, 1 Southard 103, *Williams v. Davis*, 1 Penn. 277, 1 Dal. 208, *Hickert v. Haine*, 6 Binn. 16, 5 S. & R. 314, 4 East 53, 4 Esp. Cas. 239, 3 E. C. L. 348, 7 T. R. 261, and 1 Greenl. Ev. 636; and to the point, that the action could not be sustained in the name of the plaintiff alone, cited *Day et al.* v. *Ridley et al.*, 16 Vt. 48, *Crampton v. Adm'r of Ballard*, 10 Vt. 251, 1 Chit. Pl. 10, n. 4, Ib. 12–14, n. 22, *Ehle v. Purdy*, 6 Wend. 629, *Wright et al. v. Post*, 3 Conn. 142, 4 B. & C. 664, *Halliday v. Doggett et al.*, 6 Pick. 359, *Peters v. Davis*, 7 Mass. 257, and Coll. on Part. 387.

*L. B. Vilas* for plaintiff.

By THE COURT. The objection, made in this case, to proving the execution of the contract between the plaintiff and Thompson & Kent, is one, that has been many times held by this court to be ill founded. That contract was only incidentally in question here. The parties to this contract had never constituted the subscribing witness to that contract the exclusive witness of their contract. Nor could it be well argued, that the subscribing witness to any contract could ordinarily know more about the contract than the parties. It seems to involve an absurdity, that the parties should not know *all* about their own contract. But in Orleans county, ten years since, it was held, that, where the execution of a lease came incidentally in question in a suit between other parties than the lessor and lessee, its execution might be shown by the lessor, notwithstanding it had a subscribing witness. So, also, in Rutland county, where one, by indorsement, guaranteed the payment of a promissory note, which had a subscribing witness, it was held not necessary to call the subscribing witness,. the promissor himself being offered. So, also,. in Essex county, it was held, that the obligor of a bond, given by a land tax collector, might prove the bond, although it were witnessed.

The ·question, whether Benedict made the contract in part with Curtis, or with him and two others, was submitted to the jury, and they found, that he made it with Curtis alone. In that state of the case the court held, that the suit might be brought in the name of Curtis, notwithstanding two others were at the time partners with him ; and the county court also say, that the suit might have been maintained in the name of the three. This is all, no doubt, sound law, long and thoroughly settled.

The motion in arrest of judgment cannot prevail. Whatever may be the rule in regard to supplying what is necessary in one count by reference to others, when the objection is taken by special demurrer, it is clearly good after verdict. The only inquiry, then, is, whether, by any fair intendment, it can be ascertained, that enough was proved to sustain the verdict. To hold the contrary we must adopt a narrow and not very obvious rule of construction.

Judgment affirmed.