## COMMONWEALTH *vs.* STEPHEN CASTLES.

On the trial of an indictment for obtaining a signature to a deed by false pretences, previous conversations of the defendant with a third person as to procuring such a signature are admissible in evidence against him.

The admission of other proof of the execution of a deed is no ground of exception by a party who subsequently calls and examines the subscribing witness.

INDICTMENT for obtaining the signature of John Walsh, Jr. to a mortgage deed to the defendant, upon false pretences that it was a mortgage deed to his father John Walsh, Sen.

At the trial in the court of common pleas, *Sanger*, J. permitted Walsh, Sen., against the defendant's objection, to testify, as part of the proof of the false pretences, to a conversation, in the absence of his son, between himself and the defendant, before the time of obtaining the signature as alleged, in which the defendant advised the witness, in order to prevent the foreclosure of an existing mortgage on his farm, to convey his farm to his son and have his son mortgage it back to him, to which the witness assented, and the defendant then said that he would get the writings drawn by a lawyer.

The witness further testified that a few days afterwards he and his son met the defendant, and asked him if he had those papers made out; that he said he had, and asked them to wait a few minutes, and he would go and see if the lawyer was in his office; that he went, and in a few minutes came back, and said he was; and the three went there together; that the lawyer asked the witness if he was going to convey his farm to his son, and he assented; and the lawyer handed one paper to him, and two to his son, which they signed, without reading them

and, at the defendant's request, left them with the lawyer to have them recorded, and went back to the defendant's shop.

John Walsh, Jr., being also called as a witness, was permitted by the court, against the defendant's objection, to identify the two papers signed by him, and to testify to their execution, without the attesting witness (who was the lawyer who drew the papers) being first called.

The attesting witness was subsequently called by the defendant, and testified in regard to the circumstances attending the execution of the mortgage.

The defendant, being convicted, alleged exceptions.

*T. H. Sweetser*, for the defendant. 1. What the defendant said to Walsh, Sen., not having been said to the person alleged to have been defrauded by false pretences, nor communicated to him, could not have induced him to sign the deed, and its admission tended to prejudice the jury. *Commonwealth* v. *Call*, 21 Pick. 523. *Ellis* v. *Short*, 21 Pick. 142. *Commonwealth* v. *Bosworth*, 22 Pick. 400.

2. The Commonwealth should have been required to prove the execution of the deed in the usual manner by the attesting witness. 1 Stark. Ev. (4th ed.) 327, 331, 475.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

BIGELOW, J. The conversation of the defendant with Walsh, Sen., prior to the making of the false pretences charged in the indictment was admissible as showing the *animus* with which the defendant acted in consummating the alleged fraudulent transaction. It was in the nature of a confession or admission, and although it did not tend directly to prove the false pretences charged, yet it related to the subject matter about which the false pretences were subsequently made by the defendant. It was in fact the inducement or prelude to the fraudulent transaction, and part of the *res gestæ*, which led to the criminal act.

It is not necessary to determine whether the ruling, permitting the deed to be read in evidence without the testimony of the subscribing witness, was correct or not. There is authority for the position that, when a deed or instrument in writing is intro-

duced in evidence collaterally or incidentally, in proceedings between persons not parties to it, and when it is not offered as part of a chain of title, it is not necessary to prove it by the evidence of the subscribing witness. See *Curtis* v. *Belknap*, 21 Verm. 433. In the present case, however, the ruling on this point became wholly immaterial, because the subscribing witness was actually called at a subsequent stage of the trial, and testified to all the circumstances attending the execution of the deed. The defendant therefore had ample opportunity to examine him on the subject. *Exceptions overruled.*