## Cleveland & Cameron v. I. Heidenheimer.

### No. 677. Decided June 6, 1898.

**1. Suit on Contract—Legal and Equitable Interest—Parties.**

A party who holds by assignment the entire equitable interest in a contract may, under our procedure, sue alone to enforce it. This rule does not prohibit suit by the legal holder of such interest; but where an assignee acquires both the legal and equitable title he must sue. (P. 111.)

**2. Written Contract—Assignment—Legal Interest.**

Article 308, Revised Statutes, gives to the assignee, whether by writing or otherwise, of a non-negotiable written instrument, the legal as well as the equitable title. (P. 112.)

**3. Suit on Contract—Partnership—Agency—Assignment—Parties.**

Suit was brought by I. H. on a contract made by him in his individual name, he being at the time a partner with R. B. H. The evidence would have supported either of these conclusions: (1) that the contract was made on behalf of the firm; (2) that it was made for the firm conditionally upon its acceptance by R. B. H., and afterwards so accepted; (3) that I. H. made it for himself and afterwards assigned to the firm. Held: in the first case suit could have been brought by I. H. alone, as legal holder, or by the partnership as undisclosed principal; the same rule would apply to the second case—the ratification relating back to the original transaction; in the third case suit should be brought by both partners, and not by I. H. alone. But if I. H. made the contract on his own account, and afterwards transferred a half to R. B. H., so as not to make it the property of the partnership, the former could have sued alone, because such transfer passed only an equitable interest in one-half to R. B. H. (Pp. 111, 112.)

**4. Same—Charge.**

See opinion for instructions held properly refused under foregoing rules and charge on subject which would have been proper. (Pp. 112, 113.)

**5. Case Approved.**

The rulings of the Court of Civil Appeals in this case (44 Southwestern Reporter, 551) approved. (P. 113.)

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Heidenheimer sued Cleveland & Cameron, who appealed from the judgment which he recovered against them and on its affirmance obtained writ of error. The case upon a first appeal was reversed by the Supreme Court on opinion by the Commissioners of Appeals. Heidenheimer v. Cleveland, 17 S. W. Rep., 524. A second judgment for defendant was also reversed on appeal. Heidenheimer v. Cleveland, 11 Texas Civ. App., 546.

*L. C. Alexander*, for plaintiffs in error.—A party can not recover upon an illegal contract, and a contract which on its face pretends to make a sale of bacon for future delivery, and provides, on a fixed basis, for the drawing for and payment of margins pending the execution of the contract, as bacon may rise above or fall below the basis, is a gambling contract, and should have been excluded as evidence. Seeligson v. Williams, 65 Texas, 215; Oliphant v. Markham, 79 Texas, 550; 18 Texas, 142;

Benjamin, Sales, 3 ed., 627; Irwin v. Williar, 110 U. S., 499; Beer v. Landman, 30 S. W. Rep., 726.

Where the cause of action and right is in two jointly, one of the parties can not recover in a suit by himself alone. Stachely v. Peirce, 28 Texas, 334; Hanner v. Summerhill, 7 Texas Civ. App., 237; Longcope v. Bruce, 44 Texas, 437; Goldman v. Blum, 58 Texas, 636; Railway v. Hollingsworth, 2 Willson C. C., secs. 173, 175; Railway v. Teague, 2 Willson C. C., 780; Insurance Co. v. Coffee, 61 Texas, 289; Insurance Co. v. Gordon, 68 Texas, 149; Merwin, Equity, sec. 94; Hayward v. Andrews, 106 U. S., 672; Guar. Co. v. Memphis, 107 U. S., 205.

Where a cause of action accrued to and is in a partnership by virtue of a contract, one partner can not alone maintain a suit to recover for a breach of the contract.

The refusal to take the bacon unless shipped on the 21st, as shown by the telegram of August 18th, and Cleveland's act in preventing the delivery of the bacon on the 21st, was a repudiation of the contract, and then and there the rights of the parties were fixed, the right of the plaintiff being, if said contract was a legal contract, to sue for the difference in the contract price and the price of bacon at Kansas City on August 21st, and he had no right to increase the damages by buying the bacon, shipping and selling it, and suing for the difference in the face of such repudiation of the contract.

If this was a contract with Heidenheimer alone, and the tender of performance was made by R. B. Hawley & Co., the defendants were not bound to accept a fulfillment of the contract by the latter.

The contract being ambiguous and equivocal on its face and by its terms, and by the testimony itself, as to whether it was a gambling contract, a charge undertaking to construe the contract as a contract of sale, without any limitation, was a charge on the weight of the evidence, was error, and was calculated to mislead the jury. Hays v. Hays, 1 S. W. Rep., 895; 66 Texas, 609; Hanna v. Hanna, 21 S. W. Rep., 721; Schunior v. Russell, 83 Texas, 83; Mayo v. Tudor, 74 Texas, 471; Ratto v. Bluestein, 84 Texas, 57.

If an illegal contract in part, it was illegal in whole as a matter of law, and it was improper to submit to the jury whether the feature of the contract providing for margins, or a wager, if any, was connected with and dependent on any other part of the contract. 18 Texas, 142; Oliphant v. Markham, 79 Texas, 547.

It was a proper construction of this contract, that if it was in any part what had been defined as a gambling contract, that is, a wager on the rise and fall of bacon, pending the time for its execution—then it was wholly void.

If it was contemplated that the parties should wager and speculate on the rise and fall of the price, then it should be found to be a gambling contract, because the provisions of the contract were not separable, and the gambling feature vitiated the whole contract. Oliphant v. Markham, 79 Texas, 547.

It was not the law as charged by the court, that because defendant asserted the illegality of the contract, that the burden of proof was upon the defendants to establish such illegality by a preponderance of the evidence. Fowler v. Davenport, 21 Texas, 633; Duncan v. Magette, 25 Texas, 255; Printing Co. v. Copeland, 64 Texas, 354; Byers v. Wallace, 28 S. W. Rep., 1056.

*M. C. McLemore, Jr., Jones & Sleeper,* and *Robert G. Street,* for defendant in error.

GAINES, Chief Justice.—Cleveland & Cameron, the plaintiffs in error, on the first day of February, 1883, made a written contract with I. Heidenheimer, the defendant in error, in which the latter agreed to deliver to the former 200,000 pounds of bacon in August of the same year, and the former agreed to pay therefor at the rate of $10.85 per hundred pounds. The contract contained other stipulations, which for the purposes of this opinion need not be mentioned. The bacon was tendered, but the plaintiffs in error refused to accept it and pay the price therefor. Heidenheimer brought this suit to recover damages for the breach of the contract, and obtained a verdict and judgment in the trial court, which was affirmed by the Court of Civil Appeals.

When we granted the writ of error in this case we thought that, with one exception, the Court of Civil Appeals correctly disposed of all the questions made upon the appeal, and we are still of that opinion. We therefore deem it necessary to consider but the one question — the others being satisfactorily discussed in the opinion of Chief Justice Fisher in disposing of the case in that court. 44 S. W. Rep., 551.

At the time the contract was entered into the plaintiff, Heidenheimer, and one R. B. Hawley were partners, engaged in the business of buying and selling bacon and other commodities, and the evidence showed beyond question that at the time the suit was brought Hawley had an interest in the contract. There was no pleading raising the issue of a nonjoinder of Hawley as a party plaintiff; but it was insisted upon the trial that Hawley was a necessary party, and that since he was not joined the judgment should be for the defendant. The evidence bearing upon the question is as follows: The plaintiff testified: "I had been a partner of Mr. R. B. Hawley for some time engaged in the business of selling bacon and lard prior to this contract of February. The business was at Galveston. I returned to Galveston the day after making this contract and Hawley became interested share and share alike with me in it. The contract was not made in the first instance for the firm of Hawley & Co. Does not recollect whether or not he testified on the trial of this cause in 1888, that this was a partnership contract made to Hawley & Co., with Cleveland & Cameron. * * * Q. And you don't recollect whether you ever testified that this was a firm contract for R. B. Hawley & Co. or not? A. I give you my word of honor as a gentleman, I can't tell you. Q. If you did testify to it, is it

true?   A.   Anything I swear to is true."   Hawley testified:   "In 1883 I was engaged in a general commission business for the sale of heavy groceries, bacon, lard, flour, hams, and the style of the firm was R. B. Hawley & Co.   I. Heidenheimer was the 'Company.'   I am familiar with the contract sued on.   I saw it first within a day or two after it was entered into.   I think the following day.   It was on the arrival of Mr. Heidenheimer in Galveston on his return from his visit to Waco. On the return of Heidenheimer to Galveston, among other business, he handed me this contract and asked me if I wanted to become interested in it.   It had been taken in the name of I. Heidenheimer.   He was a member of the firm, but had a habit of making individual contracts at times.   On my examining the contract which he had made, I assented to take it for the account of R. B. Hawley & Co.   I took charge of the matter from that time practically, and conducted the transaction.   It was in the order of regular business.   Witness conducted the correspondence largely in the name of I. Heidenheimer."   The defendant proved that upon a former trial the plaintiff testified as follows:   "I am a member of the firm of R. B. Hawley & Co.; this contract of February was made for and in behalf of R. B. Hawley & Co.   It is a firm contract, and not a contract of my own.   R. B. Hawley and myself compose the firm of R. B. Hawley & Co.; Hawley is equally interested now and was at the time of the contract."

This testimony was of a character probably to justify either one of three conclusions: 1. That the contract was made by Heidenheimer on behalf of the firm. 2. That he made it for the firm conditionally upon Hawley's approval and acceptance, and that Hawley did accept; and 3, that he made it for himself individually, and afterwards agreed with Hawley to assign it to the firm. Certainly it does not establish indisputably either one of the three propositions.

Many of the States have a statute which provides, in effect, that every action must be prosecuted in the name of the real party at interest. We have been cited no like provision in the statutes of this State, and we know of none. But it was settled at an early day, that, since under our procedure the remedies at common law and those in equity are blended, a party who holds the entire equitable interest in a contract may sue alone to enforce it. Merlin v. Manning, 2 Texas, 351. Hence, the assignee of a chose in action who acquires the equitable interest only may sue upon it in his own name. It was not so at common law. In such a case under that system the suit had to be brought in the name of the original party for the use of his assignee. This practice has been frequently recognized as proper in this State; but it has never been held necessary. Nor on the other hand has it ever been held that the holder of the legal title could not sue. On the contrary, we understand the law to be that where the assignee of a contract acquires both the legal and equitable title, he must sue. This was held by this court in the case of the East Texas Fire Insurance Company v. Coffee, 61 Texas, 287. To hold otherwise would be to permit one to procure a

judgment and collect money upon a claim in which he holds neither the legal title or an equitable interest.

Article 308 of the Revised Statutes provides that "the obligee, or assignee, of any written instrument not negotiable by the law merchant, may transfer to another, by assignment, all the interest he may have in the same." This provision so changes the common law as to permit the transfer of the legal as well as the equitable title to a written contract. It is well settled that such an assignment need not be in writing. It is practically so ruled in the case cited above, and the rule is recognized in the case of Word v. Elwood, 90 Texas, 131.

It follows from the principles announced, that if Heidenheimer made the contract on his individual account and subsequently transferred it to the firm of which he was a member, the suit should have been brought by both partners. He could not sue alone.

If, however, he made the contract on his own account and transferred a half to Hawley so as not to make it the property of the partnership, he could properly have sued alone; for the reason that the assignment would have passed the equitable title only to the half transferred and he would have remained the holder of the legal title to the whole. Harris County v. Campbell, 68 Texas, 22; Railway v. Gentry, 69 Texas, 631.

On the other hand, if Heidenheimer made the contract for the partnership in the first instance, we are of the opinion that the suit could be maintained in his name alone. Skinner v. Stocks, 4 B. & Ald., 437; Lucas v. De la Cour, 1 M. & S., 249; Agacio v. Forbes, 14 Moore's Priv. C., 160; Phillips v. Pennywit, 1 Ark., 59; Curtis v. Belknap, 21 Vt., 433. It is equally well settled, that in such a case the partnership might have sued upon the contract. The rule of the undisclosed principal applies.

We are also of the opinion that if Heidenheimer made the contract for the benefit of the firm, provided Hawley should consent, it was the same as if he had made it absolutely for such purpose; for Hawley's ratification of his act would have related back to the original transaction.

Now the questions suggested by the foregoing statement were raised by the defendant in the court below by the request of two special instructions, which were by the court refused. The instructions so asked were as follows:

1. "The jury are instructed that the plaintiff can not recover in this cause, because the uncontroverted evidence shows that the right to the enforcement of the contract and to the alleged cause of action was long before, at, and ever since the commencement of this suit in I. Hendenheimer and R. B. Hawley jointly, and you are therefore instructed to find for the defendants.

2. "If the jury believe from the evidence before them that the original contract between Heidenheimer and Cleveland & Cameron in evidence was made at the time on the part of Heidenheimer, for his firm of R. B. Hawley & Co., and Hawley's interest in the same continued to the time of beginning this suit, you will find for the defendants."

If an instruction to the effect that if Heidenheimer made the contract on his individual account and subsequently assigned it to the firm of which he was a member, the jury should find for the defendant, had been asked, we are of the opinion that it should have been given. But for the reasons already given, a charge to find for the defendant if Hawley had an interest in the contract at the time the suit was brought was obviously improper.

So the second requested instruction was properly refused, for the reason that, as we have already seen, if Heidenheimer made the contract for his firm, a suit could be maintained on it in his own name.

Finding no error assigned for which the judgment should be reversed, it is accordingly affirmed.

*Affirmed.*