## AMERICAN NAT. INS. CO. v. HAWKINS.
### (No. 1653.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 3, 1916. Rehearing Denied Nov. 16, 1916.)

1. INSURANCE ⟨⟩624(6)—ACTION ON POLICY— ASSIGNMENT OF INTEREST.

An agreement, purporting to be an agreement to pay an attorney, for his legal services in collecting a life insurance policy, a fixed sum, based on the amount recovered, does not pass the legal title out of the holder of the policy to any part of the amount insured, so as to make the attorney a necessary party to an action on the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1566; Dec. Dig. ⟨⟩624(6).]

2. INSURANCE ⟨⟩133(1)—LIFE INSURANCE — LIMITING AMOUNT PAYABLE—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4742, subd. 3, providing that no policy of

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

life insurance shall be issued by a company incorporated under the laws of the state if it contains any provision for any mode of settlement at maturity of less value than the amounts insured on the face of the policy, where, by a life policy, the insurer agreed to pay on death, after due payment of premiums, the amount specified in a schedule which put the amount at $450, but a following clause provided that half only of the sum should be payable if death occurred within six calendar months from date of the policy, such clause was void, and, though death occurred within six months, the beneficiary could recover the full amount, since by the statute the insurer is left free to agree upon the amount of insurance, but is required to state in the policy in a single provision the sum of money agreed to be payable in the event of insured's death, except in the event of suicide or stated hazardous occupation.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 203, 211; Dec. Dig. ☞133(1).]

3. INSURANCE ☞3—LIFE INSURANCE — REGULATION—STATUTE—CONSTITUTIONALITY.
    Vernon's Sayles' Ann. Civ. St. 1914, art. 4742, subd. 3, requiring life insurers, in effect, to state in the policy, in the form of a single provision, the sum of money agreed to be payable in the event of insured's death, except as pertains to suicide or stated hazardous occupations, is not violative of either the state or federal Constitution, as the Legislature acted within its power over corporations.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 3; Dec. Dig. ☞3.]

4. INSURANCE ☞602—LIFE INSURANCE—PENALTY FOR FAILURE TO PAY—STATUTE.
    Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4746, requiring a life insurance company, on demand by a policy holder, made after the policy is due and payable according to its terms, to pay the holder, within the required time, the amount of insurance it is legally liable for under the policy, and, for failure to pay, assessing as damages 12 per cent. of the amount the company is liable for, where, after death of a party insured for $450, the beneficiary, on account of the company's agent's representations to her that $225 was all that was due on the policy, if any, demanded payment of $225, which the insurance company failed to pay, it was liable, in the beneficiary's action on the policy, for damages amounting to 12 per cent. of the $450 for which it was legally liable, since the insurance company may not predicate a defense against the damages on the mere fact that the demand as made recited a less amount as due than it was legally liable for, while it could not be said that the beneficiary's intention was not to demand payment of the full liability on the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1498; Dec. Dig. ☞602.]

Appeal from Harrison County Court; Geo. L. Huffman, Judge.

Action by Mary Hawkins against the American National Insurance Company. From a judgment for plaintiff, defendant appeals. Judgment affirmed.

The action is by appellee, the beneficiary, upon a policy of life insurance issued and delivered by appellant on the life of her son Johnnie Hawkins. Appellee in her petition also seeks recovery of 12 per cent. of the amount insured, as damages because of refusal to pay after demand had been made

therefor, as provided by law, and attorney's fees.

The policy reads as follows:

"Policy No. 1186212.
"American National Insurance Company.

"In consideration of the payment in advance of the premium mentioned in the schedule below ,on or before each Monday during the continuance of this contract, doth hereby agree, subject to the agreements and conditions below, and on the reverse hereof, each of which is hereby made part of this contract and contracted by the assured to be part thereof as fully as if herein recited, to pay, immediately upon receipt of due proof of the death of the insured made in the manner, to the extent and upon the blanks required herein, and upon surrender of this policy and all receipt books, the amount stipulated in said schedule. Provided, however, that no obligation is assumed by the company prior to the date thereof, nor unless on said date the insured is alive and in sound health.

| Schedule (Above Referred to) | |
| --- | --- |
| Name of Insured. Johnie Hawkins. | Name of Beneficiary. Mary Hawkins, Mother. |
| Age Next Birthday. 20 years. | Weekly Premium. 25 cents. | Amount of Insurance. $450.00. |

"One-half only of the above sum payable if death occur within six calendar months from date, and the full amount if death occur thereafter.

"If the age of the insured is not correctly stated herein, no greater amount will be paid than the premium herein would have purchased at the true age.

"In witness whereof the president and secretary of said American National Insurance Company have signed these presents and fixed the seal of the Company at the city of Galveston, Texas, this Jan. 25th, 1915. [Here follows signatures of officers.]"

The defendant, besides general denial, pleaded as follows: That in no event can appellee recover more than one-half of said $450, because said policy on its face contains the provision that one-half only of said $450 is payable if death occur within six calendar months from date of the policy. That the death of said Johnie Hawkins did occur within six calendar months from the date of the policy; and if plaintiff can recover, she can recover only one-half of said $450.

There was a trial before a jury, and verdict for appellee for the sum of $450, 12 per cent. damages, and $125 attorney's fees.

It appears that the appellant is a life insurance company incorporated under the laws of Texas and doing business therein, and has its principal domicile in Galveston, Tex., and that the policy sued on was issued and delivered at Marshall, Tex. The policy was issued on January 25, 1915, on the life of Johnie Hawkins; and Mary Hawkins, the beneficiary, is the mother of the insured. The insured died by drowning on May 14, 1915. Proofs of death were made out and delivered to the agent of the company two

days after the death of the insured. The beneficiary made written demand on the company for the payment of the policy more than 30 days prior to the institution of the suit, and payment of the policy was refused by defendant.

The jury made finding, which is sustained by the proof, as to reasonable attorney's fees. All of the findings of the jury involved in the case have support in the evidence, and are sustained.

Lane & Lane, of Marshall, for appellant. Cary Abney and M. M. O'Banion, both of Marshall, for appellee.

LEVY, J. (after stating the facts as above). [1] The instrument, shown in bill of exception No. 1, executed by appellee to her attorney, M. M. O'Banion, is not such an assignment of an interest in the policy or claim, it is believed, as to make the attorney a necessary party to the suit. Under the general rule the holder of the legal title must be the one to sue. Ins. Co. v. Coffee, 61 Tex. 287; Cleveland v. Heidenheimer, 92 Tex. 108, 46 S. W. 30. And the instrument mentioned merely purports to be an agreement to pay the attorney for his legal services a fixed sum, based on the amount for which judgment may be rendered, and does not operate, or have the legal effect, to pass the legal title out of appellee to the amount insured, or to a part of it. The assignment is overruled.

[2, 3] Appellant insists that its liability on the policy, in view of the fact that the insured died within six months of the date of the policy, may be measured only by the provision, which was pleaded, reading:

"One-half only of the above sum payable if death occur within six calendar months from date, and the full amount if death occur thereafter."

The court, construing the entire policy, determined that the provision set out should be held inoperative as being in violation of section 3, art. 4742, Vernon's Sayles' Civ. Stat., and permitted the plaintiff to recover the full amount of $450.

As relating to the questions on appeal, it is necessary to consider articles 4759, 4741, and 4742 of the act (Session of 1909, p. 192), authorizing the incorporation of life, accident, and health insurance companies to transact business in this state, and regulating and imposing conditions on the general manner of the transaction of the business of such companies within this state. Vernon's Sayles' Civ. Stat. p. 3179. Article 4759 provides that:

"Life insurance companies shall, within five days after the issuance of, and the placing upon the market any form of policies of life insurance, file a copy of such form of policy with the department of insurance and banking."

Article 4741 provides that the life insurance policies issued and delivered in this state by such incorporated companies shall contain certain provisions "substantially as follows," and which are there set out. And article 4742 provides that:

"No policy of life insurance shall be issued or delivered in this state, or be issued by a life insurance company incorporated under the laws of this state, if it contains any of the following provisions: * * *

"3. A provision for any mode of settlement at maturity of less value than the amounts insured on the face of the policy, plus dividend additions, if any, less any indebtedness to the company on the policy, and less any premium that may, by the terms of the policy, be deducted; provided, that any company may issue a policy promising a benefit less than the full benefit in case of * * * death of the insured by his own hand while sane or insane, or by following stated hazardous occupations. This provision shall not apply to purely accident and health policies. None of the foregoing provisions relating to policy forms shall apply to policies issued in lieu of or in exchange for, any other policy issued before July 10, 1909."

By these articles it plainly seems, it is thought, that the Legislature intended to regulate and direct, as expressed in section 3, "policy forms" of the life insurance policies issued by life insurance companies, and to give the legal effect of noncompliance with the form prescribed. This was the sole purpose of the legislative act; and the enforcement of the prescribed form of the policy was the only object of its inhibitions. And the language of article 4742, § 3, may not, it is believed, be properly construed as placing a restriction upon the right of the parties to freely make agreement or contract, in the first instance, of the amount or amounts of insurance payable on the death of the insured. The "amounts insured on the face of the policy" are, by the article, to be sustained as a valid and inforceable agreement, and are not to be detracted from. Using "amounts" in the plural indicates that there. may be agreements allowable in the given case regarding different amounts or annuities payable on the death of the insured. And the words "amounts insured on the face of the policy" evidently mean and refer to the agreed principal amount or amounts of insurance stated in the first clause or formal provision incorporated in the policy, containing the direct promise or agreement on the part of the insurance company to pay at the death of the insured. Thus it is apparent that which article 4742 in terms disapproves of, and against which the policy of the legislative act is directed, is the inserting in the policy, or having the policy "contain" "a provision" which formally provides "for a mode of settlement at maturity of less value than the amounts insured on the face of the policy." "A provision" or clause, "for a mode of settlement at maturity" as used in the article, which reduces the payment of "the amounts insured on the face of the policy," means and refers to a subordinate clause or provision which operates to so far change the preceding clause or chief agreement regarding the principal amounts payable on death of the insured as to provide for a less and

different amount payable on death. Thus there is intended to be imposed by the act, the requirement that the form in which the contract or agreement is cast or incorporated in the policy may not be misleading as to the amounts of insurance payable on the death of the insured. The insurance company is left free to agree upon the amount of insurance, but is required to state in the policy in the form of a single provision the sum of money agreed to be payable in the event of the death of the person whose life is insured, except as pertains to suicide or stated hazardous occupation. It is believed that the Legislature in passing this act was acting within its undoubted power over corporations, and that the act is not in violation, as insisted by appellant that it was, of either the state or federal Constitution. Ins. Co. v. Daggs, 172 U. S. 557, 19 Sup. Ct. 281, 43 L. Ed. 552; Ins. Co. v. Cravens, 178 U. S. 389, 20 Sup. Ct. 692, 44 L. Ed. 1116; Whitfield v. Ætna Life Ins. Co., 205 U. S. 489, 27 Sup. Ct. 578, 51 L. Ed. 895; Life Ins. Co. v. Clements, 140 U. S. 226, 11 Sup. Ct. 822, 35 L. Ed. 497. And, further looking to the provision or clause in question as it appears in the policy, it is concluded that such provision operates to accomplish the very thing which the law disapproves of. As may be seen from the recitals on the face of the policy, the insurance company, in consideration of the payment of the premiums "mentioned in the schedule below," agreed to pay at the death, happening without regard to any period of time, of the insured "the amounts stipulated in said schedule." The amount, and only amount, "stipulated in said schedule" is $450. Then the provision in controversy appears below the schedule, but forms no part of its contents. This provision or condition plainly has for its purpose and object so far to modify the preceding first or main stipulation for insurance as to provide for payment of only one-half of the agreed "amount stipulated in said schedule" if the insured should die within six months from the date of the policy. Thus the language of the preceding first, or main, agreement in the policy may be regarded as specifying on the schedule, or face, of the policy the full sum of $450, to be payable on the death of the insured, happening without regard to any time limit; and the subordinate provision is to be regarded as intending to modify the first stipulation to pay the full sum on death happening at any time, by providing a benefit less than the full benefit if death happens within six months of the date of the policy. Had the "said schedule" in the policy stated the amounts insured to be $225 if death occur within six calendar months from date of the policy, and $450 if death occur thereafter, the policy might have been construed, as contended by appellant, to be in the form required by the statute. But the first clause, or main agreement, or schedule, in the policy did not so state, or express the agreement of the amounts payable on the death of the insured. It is believed that the trial court did not err in holding that the policy was not in the form required by law, and that as a consequence of noncompliance with the law the provision in question was void and of no legal effect so far as it provided for a less sum than $450 upon the death of the insured within six months from the date of the policy. Appellant predicates error in allowing appellee to recover 12 per cent. damages on the amount of $450 insurance in the policy, upon the ground that her demand made of the insurance company for the payment of the amount insured specified the sum of $225, and not the greater sum of $450. The policy provides that the insurance company will pay the amount of insurance immediately upon due proof of the death of the deceased. It appears that on Saturday, after the death of the insured on Friday morning before, the witness Billups, acting for the appellee, took the policy and receipts to the office of the witness Harvey, who was the division superintendent of appellant company. The division superintendent took the policy and receipts, and prepared, as he says, all proofs of death required by the policy, and forwarded the policy, receipts, and proof of death to the home office of appellant. Appellee from that date until the trial of the case was never in possession of nor saw the policy. On Wednesday following the making of proofs of death the appellee went to the office of the division superintendent, and was informed by him, as he says, that:

"The policy was more than four weeks in arrears, and was out of benefit, and that the company was not liable on the policy, and that she could not recover anything."

Appellee testifies that the division superintendent further stated to her:

"That if my policy was not lapsed, it was for $225, as it had been in effect less than six months. I thought that $225 was all they owed me."

Afterwards, on May 28, 1915, appellee wrote to appellant company the following letter:

"I hereby make demand upon you for the payment of the sum of $225.00 due me on policy No. 1186212 issued by you on the life of my son Johnie Hawkins on or about January 25, 1915; said policy being now in your possession, and a better description of which I am unable to give. My son came to his death in Marshall, Texas, on 14th day of May, 1915, and I am the beneficiary named in said policy."

Appellant received the letter either the next day, or within two days after the date of the letter, and did not thereafter pay any insurance to appellee, and she filed suit on July 5, 1915.

[4] As disclosed by the evidence, it is believed that appellant has subjected itself to liability for payment of the 12 per cent. damages on the amount of $450 insurance. The sum of $450, and no less sum, is, as determined above, the amount of insurance that appel-

lant is legally liable by the face of its policy to pay to the policy holder. And article 4746, Vernon's Sayles' Civ. Stat., intends, it is thought, to require the insurance company, on a demand by the policy holder which is made after the policy is due and payable according to its terms, to pay to such policy holder within the required time the amount of insurance it is legally liable under the policy to pay; and, if there is failure to so pay, then to assess as damages 12 per cent. of the amount the company is legally liable to pay under the policy. And providing, as the article does, that 12 per cent. damages shall be assessed on the amount of the company's liability under the policy, the insurance company may not, it is believed, predicate a defense against the damages upon the fact alone that the "demand" as made recited a less amount as due than its legal obligation under the policy. And it may not be said in this case that appellee should be held as precluded from recovering damages on a sum in excess of that stated in her demand; for when the letter or demand is read in the light of the evidence and in the light of the legal liability of appellant on the policy, it may be well said that the intendment of appellee was to demand payment by appellant of the full liability on the policy. She explains that the words "two hundred and twenty-five dollars" were put in the letter because, based on what appellant's division superintendent had informed her, "I thought that was all.they owed me."

The judgment is affirmed.

---

⨀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes