AMERICAN INS. UNION v. ALLEN.
(No. 1710. )

(Court of Civil Appeals of Texas. Texarkana.
Jan. 11, 1917.)

1. INSURANCE ☞813—ASSIGNMENT BY BENE-
FICIARY—RIGHTS OF ASSIGNEE.
     Where the beneficiary named in a policy of
fraternal benefit insurance assigned in writing
all his rights under the policy, such an assign-
ment vested the assignee with both the legal
and equitable title to the policy, and the as-
signee alone could sue upon it.
     [Ed. Note.—For other cases, see Insurance,
Cent. Dig. 1994.]

2. INSURANCE ☞815(1)—ACTION ON POLICY
—PETITION—SUFFICIENCY.
     Where the beneficiary named in a policy of
fraternal benefit insurance after assigning the
policy in writing brought suit against the in-
surer for the use and benefit of the assignee
without alleging in the petition that the assignee
was under legal disability which prevented her
suing in her own name, or that she had author-
ized the suit to be instituted, as the judgment
could be interposed as a bar to a subsequent
suit by the assignee only by proof aliunde the
record that the assignee had authorized the
suit, or had accepted the benefits of the judg-
ment in some way that would estop her from
maintaining a second suit, the petition showed
no right in the plaintiff to bring or maintain
the suit, and the court should have sustained a
demurrer, since the defendant, when sued, has
the right to insist that the record as to parties
shall be in such condition that the judgment ren-
dered against him will bar a subsequent recov-
ery upon the same cause of action.
     [Ed. Note.—For other cases, see Insurance,
Cent. Dig. § 1996.]

3. PLEADING ☞416—WAIVER OF ERROR IN
RULING ON DEMURRER.
     In a suit by the beneficiary named in a pol-
icy of fraternal benefit insurance brought for
the use of and benefit of his assignee, where
defendant demurred to the petition on the
ground that it did not show a right in plaintiff
to bring the action, and after his demurrer was
overruled admitted the cause of action to ac-
quire the right to open and close as provided by
rule No. 31 (142 S. W. xx), he did not thereby
waive his right to complain of the ruling on the
demurrer.
     [Ed. Note.—For other cases, see Pleading,
Cent. Dig. §§ 1397–1400.]

     Appeal from Bowie County Court; Lee
Tidwell, Judge.

     Suit by B. F. Allen against the American
Insurance Union.     Judgment for plaintiff,
and defendant appeals. Reversed, and cause
dismissed.

     Sam H. Smelser, of Texarkana, for appel-
lant.     Wheeler & Wheeler, of Texarkana,
for appellee.

     HODGES, J.     The appellant is a fraternal
benefit society, and this suit is to recover
upon an insurance policy issued upon the life
of Mrs. Evolyn L. Allen in which the appel-
lee, B. F. Allen, was named as beneficiary.
The petition begins as follows:
     "Now comes Ben F. Allen for the use and
benefit of Mrs. O. A. Dowdy, who resides in
Dallas county, Tex., hereinafter called plaintiff,
complaining of the Union American Insurance

Company, a corporation organized and doing
business under the laws of the state of Ohio,"
etc.
     The petition then proceeds with the usual
averments, alleging the issuance of the policy
upon the life of Mrs. Allen in which plaintiff
was named as the beneficiary, and alleges the
death of Mrs. Allen, the amount for which
the policy was issued, the presentation of
proofs of death, and the failure of the appel-
lant to pay the amount due.   It then proceeds
as follows:
     "Plaintiff shows to the court that he has by
an instrument in writing duly assigned, trans-
ferred, and sold his interest in said policy of
insurance to Mrs. O. A. Dowdy, of Dallas coun-
ty, Tex., and this suit is brought for her use
and benefit."

     The petition concludes with a prayer for
judgment in favor of the plaintiff for the sum
of $33.33, with interest, damages, and at-
torney's fees.

     Appellant excepted to the petition, upon
the ground that it showed no right in the
appellee to bring or maintain this suit.   In
addition to this the appellant also pleaded
false statements made by the insured in her
application in answer to questions by the
examining physician concerning her previous
health.   The court overruled the demurrer
and submitted the case upon special issues,
and upon the answers judgment was entered
in favor of the appellee for the amount sued
for.   At the conclusion of the evidence the
appellant requested a peremptory instruction
in its favor.   This was refused and duly ex-
cepted to.

     [1] The first question presented on this
appeal is: Did the petition disclose a cause of
action for which the appellee, B. F. Allen,
could sue?   The petition shows upon its face
that the policy and all rights in it had been
assigned by the appellee, Allen, to Mrs. Dow-
dy.   Such an assignment invested Mrs. Dow-
dy with both the legal and equitable title to
the policy, and she alone could sue upon it.
East Texas Ins. Co. v. Coffee, 61 Tex. 287;
Cleveland v. Heidenheimer, 92 Tex. 111, 46
S. W. 30; Winn v. Ft. W. & R. G. Ry. Co.,
12 Tex. Civ. App. 198, 33 S. W. 593.

     [2] It is contended by the appellee that the
suit is for the use and benefit of the assignee,
Mrs. Dowdy, and that the latter is the
real party plaintiff.   If such is the legal con-
struction that should be placed upon the
petition, some of the doubts as to its sufficien-
cy might be removed.   The defendant when
sued has the right to insist that the record
as to parties shall be in such condition that
the judgment rendered against him will bar
a subsequent recovery upon the same cause
of action.   East Texas Ins. Co. v. Coffee, supra.
In this case it is not alleged that Mrs. Dowdy
was under any legal disability which pre-
vented her from suing in her own name; nei-
ther is there any averment that she has
authorized this suit to be instituted.   If the

judgment rendered is permitted to stand, there is nothing in the record which would interfere with her right to institute and prosecute a second suit upon the same policy. In such an event this judgment could be interposed as a bar only by proof aliunde the record that Mrs. Dowdy, the assignee, had authorized the suit, or had accepted the benefits of the judgment in some way that would estop her from maintaining a second suit. In short, she could be defeated, not by the judgment itself, but by some matter in estoppel dependent upon the existence of extraneous facts. The law will not expose a defendant to such hazards, especially when there is no necessity for doing so. The court should have sustained the demurrer and dismissed the case.

[3] It is urged, however, that the appellant, having filed an admission of the plaintiff's cause of action in compliance with rule 31 (142 S. W. xx) in order to get the privilege of opening and closing the argument, in effect waived the defect in the petition. Such admissions do not waive the issues of law presented in demurrers. Johnson v. Clements, 23 Tex. Civ. App. 112, 54 S. W. 272.

The judgment of the trial court is therefore reversed, and the cause dismissed, without prejudice to the right of Mrs. Dowdy to institute proper legal proceedings in her own name on the policy involved in this suit.