## SOUTH DAKOTA–TEXAS OIL CO. v. HACKWORTH et al. (No. 8253.) *

(Court of Civil Appeals of Texas. Galveston. Nov. 23, 1922. Rehearing Denied March 8, 1923.)

1. Parties ⬿97(2)—Joinder of mere nominal partner not necessary party to suit for brokerage.

Where an agreement to pay commission was made between plaintiff under his individual name, and M., acting president of defendant company, in an action for commissions by plaintiff and his nominal partner, in which M. was a party and the judgment disposed of all parties to the action, plaintiff's associate, being no more than a nominal partner, was not a necessary party, and, in granting judgment to plaintiff only, defendant was not prejudiced by his joinder as party plaintiff.

2. Brokers ⬿86(5)—Evidence held to show broker procured purchaser for oil lands.

In action for commissions for procuring an exchange of oil lands, evidence *held* to show that plaintiff procured a purchaser who, notwithstanding a contract between the parties to the exchange may not have been enforceable through specific performance, was ready, able, and willing to go on with the deal as stipulated, and failure to consummate it was due to defect in defendant's title.

3. Brokers ⬿61(1)—Broker's commissions not defeated by claim of failure to procure enforceable contract.

Where an agreement of exchange of properties procured by purchaser was not enforceable through specific performance due to a defect in title to the lands of defendant, plaintiff's claim for commissions, after procuring a customer ready, able, and willing to buy on the terms proposed, cannot be defeated by claim of his failure to procure a contract of sale or exchange susceptible of specific performance.

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Action by S. A. Hackworth and another against the South Dakota-Texas Oil Company. Judgment for plaintiff named, and defendant brings error. Affirmed.

Elliott Cage, of Houston, for plaintiff in error.

Grover Rees and Bryan, Dyess & Colgin, all of Houston, for defendant in error.

GRAVES, J. The South Dakota-Texas Oil Company, a corporation, appeals in this cause from a judgment for $1,078, interest and costs, rendered by the court below sitting without a jury in favor of S. A. Hackworth against it, attacking the award here on three grounds:

(1) The suit having been brought in the names of S. A. and W. W. Hackworth, under allegation that they constituted a partnership in the real estate business under the trade-name of "S. A. Hackworth," recovery by the latter alone was unauthorized;

(2) The action being by a broker for a commission for procuring a purchaser for real estate, no recovery was justified because the plaintiff failed to furnish a purchaser who was either ready, willing, and able to buy, or who entered into a contract of purchase or exchange under which specific performance could be enforced;

(3) The purchaser furnished by the plaintiff having refused to consummate the exchange on the claim that his principal's title was not valid, and the plaintiff having both failed to procure a written contract of sale or exchange susceptible of enforcement through specific performance and to show his principal's title was in fact defective, no case was made out.

These contentions will be disposed of in the order presented.

[1] 1. It is quite true that the suit was filed in the names of S. A. and W. W. Hackworth as plaintiffs, alleging "that they are at present and have been for many years engaged in the real estate business, that they constitute a partnership and have been doing business under the trade-name of *S. A. Hackworth,'" and that the recovery was by S. A. Hackworth alone; but under the facts appearing, we do not think the plaintiff in error was in any wise prejudiced by the result. The agreement to pay the commission had been made between S. A. Hackworth under his individual name and Mr. H. Masterson, who, it seems, although Hackworth did not so understand, was acting at the time for and as president of the oil company. Both of these, as well as the oil company and W. W. Hackworth, were parties to the suit, and the judgment disposes of all of them; it being expressly decreed that S. A. Hackworth recover against the oil company, that H. Masterson go hence with his costs, and that W. W. Hackworth recover nothing. The latter was the son of S. A. Hackworth, and the evidence discloses that there was no general copartnership relation existing between them, as indicated in the quoted recitation from their pleadings, but that the son, who was resident at Kansas City, Mo., and aided his father at Dickinson, Tex., in arranging this transaction, was only interested in half the commissions on the deals he helped to make.

In these circumstances, we think W. W. Hackworth was not more than a nominal partner with his father, that he was therefore not a necessary party to the suit, and that while he had an equitable right under the arrangement between himself and his father to one-half the commission in this instance by reason of having helped in earning it, the father remained the holder of the legal title to the whole of it and so could recover it all in his individual name. Inman

v. Brown (Tex. Civ. App.) 147 S. W. 652, 655; Cleveland & Cameron v. Heidenheimer, 92 Tex. 108, 112, 46 S. W. 30; Keesey v. Old, 3 Tex. Civ. App. 1, 21 S. W. 693.

A further consideration is that W. W. Hackworth has not appealed from the adjudication that he take nothing against either of the defendants he so sued, which fact precludes him.

[2] 2. The evidence, we think, furnishes an answer to this second proposition, and justified the trial court in concluding that Hackworth had procured a purchaser who, notwithstanding the written contract between the two parties to the agreement of exchange of properties may not have been enforceable through specific performance, was ready, able, and willing to go on with the deal as stipulated, and that the failure to consummate it was due to a defect in the oil company's title. If that was the situation, under well-settled authority, the real estate agent had earned and was entitled to his commission. Hamburger v. Thomas (Tex. Civ. App.) 118 S. W. 774; Id., 103 Tex. 280, 126 S. W. 561; Henderson v. Gilbert (Tex. Civ. App.) 171 S. W. 304.

The purchaser furnished by Hackworth was the Munger Land Company, a corporation, of Kansas City, Mo., and it, acting by Willis R. Munger, its president, entered into a written contract with plaintiff in error oil company, acting by H. Masterson, its president, whereby the Vanderbilt Apartments in Kansas City, represented by the land company to belong to it, were, subject only to a specific lien indebtedness of $37,500 then outstanding against them, to be exchanged, free from any other incumbrance against either property, and under general warranty deeds from the respective owners, for 8,625 acres of land in the Viesca Eleven League Grant in Leon county, Tex., represented by the oil company to be then owned by it; a survey of the land and abstracts from both parties, showing good and legal title in the respective parties hereto to the property conveyed by them, being provided for. Abstracts to the Munger property were duly furnished to and examined by H. Masterson, and no objections were raised to its title. Pending the carrying out of these agreements and before expiration of the time within which they were to be disposed of, the oil company, through its president, filed a suit in the federal court at Waco, Tex., seeking a judgment for the title to the 8,625 acres it had so contracted to sell and exchange to the Munger Company against the unknown heirs of J. M. Viesca.

Notwithstanding this proceeding, which appears to have been taken pursuant to a conference and understanding as to its being necessary between the respective attorneys for the contracting corporations, the Munger Company still tendered performance on its part and expressed its willingness to at once go on with the transaction, if two of the principal stockholders of plaintiff in error would join with it in a warranty of the title to the land to the Munger Company; but this was refused, and the exchange of the properties was never effected.

While plaintiff in error ably insists here that this suit in Waco was not necessary, did not materially affect its title to the land, which it contends was good anyway, and that defendant in error neither showed its title to be defective nor that the contemplated exchange of properties failed on that account, we think these matters were foreclosed by the adverse judgment rendered, in that the court was justified in finding from the evidence that it agreed that its title was defective and that the suit against Viesca's heirs was necessary to clear it up. Mr. Lewis R. Bryan, who examined the title to the 8,625 acres for the land company, so testified, and plaintiff in error nowhere controverted the statement. That being true, and the question raised as to the validity of its title being admittedly the sole impediment to the consummation of the exchange defendant in error had procured to be agreed upon, under representations to him by plaintiff in error's president that it really owned the land, it follows, under the authorities last cited, that he had done all that was required of him.

[3] 3. What has just been said fully disposes of the third point presented also.

The assignments of error have been carefully considered, but in our opinion none of them point out reversible error; the judgment has accordingly been in all things affirmed.

Affirmed.