## CRIBBS v. POLK COUNTY.

### No. 1054.

Court of Civil Appeals of Texas. Eastland.

Jan. 27, 1933.

B. F. Reynolds and Jeff A. Fowler, both of Throckmorton, for appellant.

T. R. Odell, of Haskell, for appellee.

HICKMAN, C. J.

Appellee Polk county is the owner of certain lands situated in Throckmorton county. It leased these lands to S. F. Odom for agricultural purposes for the year 1931 for a stated rental of $439.50, which was evidenced by Odom's promissory note, payable to appellee. The suit was upon this note and for the foreclosure of appellee's alleged landlord's lien upon certain wheat raised on the rented premises for the year 1931 and stored under the name of J. R. Cribbs with the Graham Mill & Elevator Company at Throckmorton. Appellant J. R. Cribbs was made a party to the suit under allegations that he was claiming a portion or all of said wheat and illegally trying to appropriate same to his own use and benefit. In the answer filed by Cribbs, he alleged a contract between him and Odom, under the terms of which Cribbs harvested the wheat for a stipulated price to be paid out of the wheat harvested at the prevailing market price of wheat delivered in the elevator at Throckmorton on the date of such delivery. He further alleged that, before harvesting same, he informed the duly authorized agent of appellee of his agreement with Odom, and that such agent agreed with him that he could retain enough wheat in his possession to compensate him for his services, and that, acting in pursuance of said agreement, he rendered the services, by virtue of which he was entitled to retain 390 bushels of the wheat. Upon the conclusion of the testimony, the court peremptorily instructed the jury to return a verdict in favor of appellee against Odom on the note and against both Odom and Cribbs for a foreclosure of the landlord's lien. Odom filed no answer in the court below, and does not prosecute an appeal. Cribbs excepted to the judgment, and has brought the case here for review, presenting three questions for our determination.

■ The first two questions presented relate to the rulings of the trial court in excluding certain evidence offered by appellant. The bills of exceptions preserving these rulings do not show that the questions would have been answered or, if answered, what the answers would have been. It is well settled by many decisions that an assignment of error complaining of the exclusion of evidence will be overruled when the bill of exceptions taken to the ruling fails to show what the witness would have testified to. Absent this recital in the bill, no error is disclosed. Many authorities so holding are collated in 3 Tex. Jur. § 331, p. 470 et seq. The assignments presenting these questions are overruled.

■ The other question presented is that the evidence did not authorize the giving of the peremptory instruction. It is disclosed that the wheat was removed from the rented premises about two months before the institution of proceedings to foreclose the landlord's lien. By the terms of article 5223, R. S. 1925, the landlord's lien as to agricultural products continues so long as they remain on the rented premises and for one month thereafter. It has the further provision, in substance, that, if such products are stored in public or bonded warehouses controlled or regulated by law within thirty days after their removal from the rented premises, the lien shall continue so long as they remain in such warehouses. This statute determines the existence of a landlord's lien, and at the expiration of the time therein named the lien ceases to exist, in the absence of foreclosure proceedings. Jenkins v. Patton (Tex. Civ. App.) 21 S. W. 693; Horton v. Lee (Tex. Civ. App.) 180 S. W. 1169.

The evidence is insufficient to disclose that Graham Mill & Elevator Company operated a public or bonded warehouse controlled or regulated by the laws of this state. This concern conducted a mill and elevator business in Throckmorton, but there is no showing that it conducted a warehouse, within the meaning of article 5223.

The trial court was therefore not authorized in giving the peremptory instruction, and its judgment will be reversed and the cause remanded.