## INDEPENDENT–EASTERN TORPEDO CO. v. HERRINGTON et al.

### No. 1079.

Court of Civil Appeals of Texas. Eastland.

March 3, 1933.

For majority opinion see 59 S.W.(2d) 222.

FUNDERBURK, Justice (dissenting).

I find myself unable to concur in the view that the provision of R. S. 1925, art. 8307, § 6a, that "the association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employee or his beneficiaries and the approval of the board, upon a hearing thereof," has the effect to prohibit a bona fide transfer, for a valuable consideration, to the insurance carrier of the injured employee's entire cause of action against the third party. In this state the right to transfer a cause of action is well recognized. 5 Tex. Jur. 504. The transferee of such may sue in his own name. Cleveland v. Heidenheimer, 92 Tex. 108, 46 S. W. 30. When the transferor has parted with all his title, he has not the right to maintain suit. Amsler v. D. S. Cage & Co. (Tex. Civ. App.) 247 S. W. 669; Winn v. Ft. W. & R. G. Ry. Co., 12 Tex. Civ. App. 198, 33 S. W. 593; East Texas Fire Ins. Co. v. Coffee, 61 Tex. 287. Without the transfer the insurance company had the right, under authority of the statute, to bring the suit in its own name and prosecute it to final judgment. In such a case its right derived from the statute would also be limited by the terms of the statute. Its true position would be that of a statutory trustee for the injured employee. It could not compromise or adjust the claim without notice to the employee and the approval of the Industrial Accident Board. Its beneficial interest in the proceeds of the judgment would be limited to the amount sufficient to reimburse it for compensation paid and expenses. But the transfer in question, if valid, vests in the insurance company the entire cause of action. It is no longer dependent upon the statute for authority to sue. Suppose that, acting under the authority of the transfer (entirely sufficient unless the statute provides to the contrary), the insurance company had brought the suit and prosecuted it to final judgment, recovering the same amount, namely, $20,000. To whom would the excess over the amount of compensation paid the injured employee belong—the insurance company or the injured employee? The answer to that question, it seems to me, will be determinative of the real question involved. The answer to that question is dependent upon whether or not the statute prohibits such a transfer. I cannot appreciate the force of the argument that such a transfer would constitute a compromise or adjustment of the claim. In the case just supposed there would be no compromise or adjustment, since the judgment would be obtained at the end of the lawsuit. It would not be argued, I take it, that the employee could not transfer his cause of action to one other than the insurance company. If he can, then certainly there would be no law to prevent such transferee from in turn transferring the cause of action to the insurance company. If the transfer is for any reason void, it must be, not because of any prohibitory provision of the statute, but because of some principle of public policy.

I am unable, however, to satisfy myself that to permit such a transfer would contravene public policy. The law permits transfers of causes of action from clients to their attorneys. Galveston, H. & S. A. R. Co. v. Ginther, 96 Tex. 295, 72 S. W. 166. A trustee may purchase property of the cestui que

trust. Scott v. Mann, 33 Tex. 725. There is no absolute prohibition against an executor, administrator, or guardian receiving transfers of property from the estate or ward. In all such cases it seems to be the view that the public welfare which public policy seeks to preserve is taken care of by the application of different rules placing the burden upon the fiduciary to show the good faith and fairness of the transaction.

If the transfer is not void, then it in no sense, so far as I can see, constitutes a compromise or adjustment of the claim. The prohibition against the insurance company compromising the claim without notice to the employee and the approval of the board has reference necessarily to the claim of the employee. If he has transferred his cause of action, then he has no claim to compromise and there remains nothing upon which the statute can operate. The reason for the statute wholly ceases to exist. It may be desirable that the Legislature prohibit such transfers but I am unable to convince myself that it has done so, by any provision in the statute in question.